**STATE of Iowa, Appellee,**

v.

**Dan CHANA, Appellant.**

**No. 90–1556.**

Supreme Court of Iowa.

Oct. 16, 1991.

---

John P. Messina, Des Moines, for appellant.

---

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., David J. Welu, County Atty., and Constance Welu, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

This is an appeal from the sentence imposed following defendant Dan Chana's guilty plea to the crime of operating while intoxicated (OWI), first offense. Defendant, who served eight days in jail on this conviction, challenges only the imposition of a $500 fine which he asked the court to suspend. The court ruled it had no discretion to do so under the pertinent statute. We now vacate the sentence imposed and remand for resentencing.

The statute in question is Iowa Code section 321J.2(2)(a) (1989). This law provides that for first-offense OWI the violator

> shall be imprisoned in the county jail for not less than forty-eight hours to be served as ordered by the court, less credit for any time the person was confined in a jail or detention facility following arrest, and assessed a fine of not less than five hundred dollars nor more than one thousand dollars. As an alternative to a portion or all of the fine, the court may order the person to perform not more than two hundred hours of unpaid community service. The court may accommodate the sentence to the work schedule of the defendant.

Iowa Code § 321J.2(2)(a). The question is whether the statute limits the court's authority to suspend the fine at its discretion. For the reasons that follow, we believe that it does not.

Our decision is largely controlled by *State v. Hildebrand*, 280 N.W.2d 393 (Iowa 1979). *Hildebrand* involved a predecessor drunk-driving statute.[1] The defendant in the case sought a deferred judgment upon her plea of guilty, but the district court refused, citing a fixed policy not to grant such requests when an accident was involved. *Id.* at 395. On appeal, we held that such fixed policies contravened the judge's duty to employ discretion in sentencing. *Id.* at 396–97.

Of significance to the present case, we went on to hold in *Hildebrand* that notwithstanding the mandatory character of the language used to describe the statute's penalties (a violator "shall be imprisoned in the county jail for not less than two days"), the statute must be read in *pari materia* with the Code's general sentencing provisions. *Id.* at 397. For example, Iowa Code section 901.5 authorizes trial courts to defer judgment and sentence, impose sentence, or impose and then reconsider sentence. *See id.* Thus we reasoned that unless the legislature has made it plain that the court has no alternative but to impose a certain jail term, use of the word "shall" does not compel it. We said:

> As used in this context, the word "shall" does not require trial court to impose a jail sentence. It means only that if the court's discretionary power to defer judgment, defer sentence, or suspend execution of the sentence is not exercised, defendant must then serve at least two full days in jail.

*Id.* We also noted that the legislature is capable of using restrictive language when it wants to. *Id.*

The outcome in *Hildebrand* reflected the position adopted by the court two years earlier in *State v. Robbins*, 257 N.W.2d 63, 69 (Iowa 1977). There we observed that all sentencing statutes use the mandatory

---

1. The statute provided:

   [The defendant shall be guilty of a] serious misdemeanor for the first offense and shall be imprisoned in the county jail for not less than forty-eight hours to be served as ordered by the court, less credit for any time the person was confined in a jail or detention facility following arrest, and assessed a fine of not less than five hundred dollars nor more than one thousand dollars. As an alternative to the fine, the court may order the person to perform not less than fifty nor more than two hundred hours of unpaid community service. The court may accommodate the sentence to the work schedule of the defendant.

   Iowa Code § 321.281(2)(a) (1979).

"shall" language. *Id.* at 69. Interpreting criminal laws to require incarceration in every case would obviously render meaningless those statutes allowing, and even encouraging, probation and other sentencing alternatives. *Id.* at 70; *see* Iowa Code § 901.5 (directing court to choose authorized sentence that will provide maximum opportunity for both rehabilitating defendant and protecting community).

The present case is virtually indistinguishable from *Hildebrand.* As already noted, Chana was convicted under Iowa's "new" drunk-driving statute which provides that first offenders *"shall be imprisoned* in the county jail for not less than forty-eight hours . . . and assessed a fine of *not less than five hundred dollars* nor more than one thousand dollars." Iowa Code § 321J.2(2)(a) (emphasis added). As was the case when *Hildebrand* was before us, the statutes governing subsequent OWI offenses clearly express the legislature's intent to limit the court's sentencing discretion in those cases. Thus in contrast to first-offense sentencing, the following penalties apply:

> b. . . . [F]or a second offense . . . [defendant] shall be imprisoned in the county jail or community-based correctional facility not less than seven days, *which minimum term cannot be suspended notwithstanding section 901.5, subsection 3 and 907.3, subsection 3, and assessed a fine of not less than seven hundred fifty dollars.*
>
> c. . . . [F]or a third offense and each subsequent offense, . . . [defendant] shall be imprisoned in the county jail for a determinate sentence of not more than one year but not less than thirty days, or committed to the custody of the director of the department of corrections, and assessed a fine of not less than seven hundred fifty dollars. *The minimum jail term of thirty days cannot be suspended notwithstanding section 901.5, subsection 3, and section 907.3, subsection 3.* . . .

Iowa Code § 321J.2(2)(b) and (c) (emphasis added).

We are convinced that if the legislature disagreed with the decision reached in *Hildebrand* over a decade ago, it would not have repeated the same sentencing scheme in the new statute. When the penalties are examined it becomes clear the legislature knows how to eliminate sentencing options. *See id.; see also* Iowa Code § 321.218 (sentence imposed for driving without valid license "shall not be suspended by the court, notwithstanding section 907.3 or any other statute"); Iowa Code § 805.11 (if defendant convicted of scheduled violation, "penalty is scheduled fine without suspension"); Iowa Code § 902.1 ("Nothing in the Iowa corrections code pertaining to deferred judgment, deferred sentence, suspended sentence, or reconsideration of sentence applies to a class 'A' felony."); Iowa Code § 907.3(1)(a)–(g) (listing specific situations in which option of deferred judgment may not be exercised by trial court).

Our deference to legislative expression logically applies to fines as well as incarceration. A sentence is generally defined as any punishment imposed by the court; it is not limited to a term of incarceration. 24 C.J.S. *Criminal Law* § 1458 (1989). Iowa Code section 901.5(3), which authorizes a court to impose a fine, term of confinement, or both, specifically permits the sentencing court to suspend the execution of the sentence "or any part of it." Thus we conclude the legislature's failure to expressly limit sentencing options for first-offense OWI applies to *all* components of the sentence, including the fine. Finally, we are not persuaded by the State's argument that inclusion of one alternative to the fine (community service) abrogates the court's authority to consider others.

In summary, we do not think the legislature has evidenced an intent to limit the court's authority to suspend the fine for first-offense OWI. Accordingly, we vacate the sentence previously imposed and remand this case for resentencing. We do not mean by this decision to suggest what the new sentence should be.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.