STATE of Iowa, Appellee,

v.

Richard SANDIFER, Appellant.

No. 96–2211.

Court of Appeals of Iowa.

Aug. 22, 1997.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, James De Taeye, County Attorney, and Christine Branstad, Assistant County Attorney, for appellee.

Considered by CADY, P.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

Richard Sandifer appeals the judgment and sentences entered upon his convictions. He argues the sentencing court failed to

exercise its discretion with respect to the imposition of fines.

■ *Scope of review.* Our scope of review for defects in a sentencing procedure or for a sentence outside statutory limits is for corrections of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). We will not disturb a sentence on appeal unless the defendant shows an abuse of the trial court's discretion or a defect in the sentencing procedure. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). An abuse of discretion may be found when the sentencing court "exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Thomas*, 547 N.W.2d at 225. Moreover, the district court must exercise its discretion in determining what sentence to impose when a sentence is not mandatory. *Thomas*, 547 N.W.2d at 225.

*Fines.* Sandifer argues the sentencing court failed to exercise its discretion with respect to the imposition of fines. Sandifer was found guilty of possession of cocaine with intent to deliver in violation of Iowa Code section 124.401(1)(c)(6) (1995), failure to affix a drug tax stamp in violation of Iowa Code section 453B.12, and possession of marijuana in violation of Iowa Code section 124.401(3). He was sentenced to an indeterminate ten-year term of incarceration and a $1000 fine on the delivery offense, a five-year indeterminate term and a $500 fine for the drug tax stamp violation, and a six-month sentence and a $250 fine on the possession charge. The trial court referred to each of the fines as "mandatory."

■ While a court need not give specific reasons for rejecting a sentencing option, the record must reveal the sentencing court in fact exercised discretion with regard to the options it had. *Thomas*, 547 N.W.2d at 225.

A remand for resentencing is required where a court fails to exercise discretion because it believes it has no discretion. *State v. Lee*, 561 N.W.2d 353 (Iowa 1997) (citing *State v. Washington*, 356 N.W.2d 192, 197 (Iowa 1984)).

■ With respect to the $250 fine under Iowa Code section 124.401(3) for possession of marijuana, Sandifer correctly argues the court had authority to suspend such a fine. The Iowa Supreme Court has recently recognized that section 124.401(3) "addresses the punishment for the offenses involving the possession of controlled substances, and it allows the suspension of a fine." *Lee*, 561 N.W.2d at 355. Indeed, the specific language of section 124.401(3) provides "[a]ll or any part of a sentence imposed pursuant to this *section* may be suspended. . . ." (Emphasis added.) The specific language of this statute controls over the general misdemeanor sentencing provisions of section 903.1(1)(b).[1] *Lee*, 561 N.W.2d at 354; *State v. Gobeli*, 342 N.W.2d 898, 899 (Iowa App. 1983) (holding provisions of a specific statute control over the provisions of a general statute). We remand this portion to the district court for resentencing.

■ Similarly, with respect to the $1000 fine imposed for possession of cocaine with intent to deliver, the district court should have exercised its discretion as allowed under section 124.401(3). The broad language of this provision allows for the suspension of all or part of the sentences (and/or attendant fines) of the entire "section" under 124.401. Accordingly, we remand this portion to the district court for resentencing.

■ Finally, concerning the $500 fine imposed under section 902.9(4) for a violation under section 453B.12, we find the district

---

1. This section provides in relevant part:
   If a person eighteen years of age or older is convicted of a simple or serious misdemeanor and a specific penalty is not provided for . . . the court shall determine the sentence, and shall fix the period of confinement or the amount of fine, *which fine shall not be suspended by the court*, within the following limits:
   . . . .
   b. For a serious misdemeanor, there shall be a fine of at least two hundred fifty dollars but not to exceed one thousand five hundred dollars. In addition, the court may also order imprisonment not to exceed one year.
   Iowa Code § 903.1(1)(b) (emphasis added).

court should have exercised its discretion. Section 902.9(4) expressly provides that a class "D" felon (but not an habitual offender) "*may* be sentenced to a fine of at least five hundred dollars...." (Emphasis added.) "When the penalties are examined it becomes clear the legislature knows how to eliminate sentencing options." *State v. Chana,* 476 N.W.2d 38, 40 (Iowa 1991). We also remand this portion for resentencing.

The resentencing is limited to the fines imposed as Sandifer has not challenged the imposition of his incarceration terms. *See State v. Krivolavy,* 258 N.W.2d 157, 158 (Iowa 1977) (stating where a sentence is severable, a court may remand only the invalid portion for resentencing); *see also Lee,* 561 N.W.2d at 354.

Excepting the imposition of fines, we affirm the district court's judgment and sentences. We vacate the fine portions of the sentences and remand for resentencing.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**