STATE of Iowa, Appellee,

v.

Terry Lee KLEIN, Appellant.

No. 97–718.

Supreme Court of Iowa.

Feb. 18, 1998.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Paul L. Martin, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

On this appeal Terry Lee Klein challenges the fine imposed on his sentence for conviction of OWI (third offense) and the license revocation imposed as part of his sentence for a possession-of-marijuana conviction. These challenges involve the contention that the court incorrectly believed that it had no discretion with respect to the fine portion of the OWI sentence and the license revocation provision in the sentence for possession of a controlled substance. We agree with defendant's argument on the fine but disagree with his contention concerning the license revocation.

Defendant was charged with OWI (third offense) in violation of Iowa Code section 321J.2(2)(c) (1995), a class "D" felony. He was also charged with possession of marijua-

na in violation of Iowa Code section 124.401(3) (1995), a serious misdemeanor.[1] He pleaded guilty to both of these charges. The sentence imposed on the OWI charge included a fine of $750 and an indeterminate five-year prison sentence. The sentence imposed on the possession-of-marijuana charge included a one-day jail sentence and a 180-day revocation of his driver's license as provided in section 901.5(10). With respect to both the fine on the OWI charge and the license revocation on the controlled-substance charge, the court indicated that these portions of the sentence were mandatory under the applicable statutes.

### I. Whether a Fine was Mandatory With Respect to Defendant's Sentence on the OWI Offense.

This court recognized in *State v. Chana*, 476 N.W.2d 38, 40 (Iowa 1991), in an OWI (first offense) case, that the right of a sentencing judge to "suspend the execution of [a] sentence or any part of it," as provided in section 901.5(3) included the right to suspend a fine. That right is negated only when a specific statute withholds this general sentencing authority. *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979). A fine is a portion of the sentence. *Chana*, 476 N.W.2d at 40. Although the sentencing statute applicable to OWI (third offense), section 321J.2(2)(c), negates the authority of the court to suspend the minimum thirty-day jail sentence, there is no limitation against suspending the fine portion of the sentence.

The State argues that the fine cannot be suspended because the language of the statute requires the imposition of both a sentence of confinement (a portion of which may not be suspended) and a fine. That argument pertains to the imposition of a fine and does not deal with the right of the court under section 901.5(3) to impose the fine and then suspend it. The district court was not correct in concluding that it had no discretion to suspend the fine portion of the judgment

---

**1.** This statute has since been renumbered and appears as section 124.401(5) in the 1997 Iowa Code.

on the OWI (third offense) conviction. Based on this conclusion, we vacate defendant's sentence on the OWI (third offense) charge and remand the case to the district court for the resentencing of defendant on that charge.

## II. *Whether the License Revocation was Mandatory on Defendant's Controlled–Substance Conviction.*

Defendant urges that contrary to the court's declaration at the time of sentencing it did have the discretion to suspend that portion of his sentence that called for a revocation of his driver's license under section 901.5(10). He argues that in *State v. Lee,* 561 N.W.2d 353, 354–55 (Iowa 1997), this court recognized the court's authority to suspend any portion of a sentence imposed for a controlled-substance conviction under section 124.401(3). That case only established that there was no limit to the court's authority to suspend a term of confinement or a fine in a prosecution under section 124.401(3). Those are the only types of sanction identified in section 901.5(3) or section 124.401(3). Consequently, neither section 901.5(3), section 124.401(3), nor the decision in *Lee* provide authority for suspending a license revocation mandated by section 901.5(10). We hold in this case, as in *State v. Daniel,* —— N.W.2d —— (Iowa 1998), that no such authority exists. The defendant's sentence on the controlled-substance conviction is affirmed in all respects.

**AFFIRMED IN PART, SENTENCE VACATED IN PART, AND REMANDED.**