STATE of Iowa, Appellee,

v.

**Donald Lee LUTGEN, Appellant.**

No. 99–156.

Supreme Court of Iowa.

Feb. 16, 2000.

Christopher A. Kragnes, Sr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Steve Norby, Assistant County Attorney, for appellee.

LARSON, Justice.

Donald Lutgen entered an *Alford* plea to operating while intoxicated (OWI) and being a third-time offender, in violation of Iowa Code section 321J.2 (Supp.1997). At the combined plea and sentencing proceeding, Lutgen requested that the fine portion of his sentence be converted into community service hours. The court sentenced Lutgen to an indeterminate term of incarceration not to exceed five years, placement in a treatment program, and a fine of $2500 plus surcharges. The court denied Lutgen's request to perform community service in lieu of the fine, believing it lacked authority to do so. We conclude the court did have authority to convert the fine to community service under Iowa Code section 909.3A. Accordingly, we vacate the sentence and remand for resentencing.

### I. The Issues.

Lutgen raises two issues on appeal: whether the court erred in its interpretation of the sentencing statutes concerning community service as an alternative to the fine and whether his trial attorney was ineffective for failing to make an adequate request for community service. We do not find it necessary to address the ineffective-assistance-of-counsel issue because we believe Lutgen's trial attorney, at least minimally, preserved error on the conversion issue by requesting a community service alternative at the time of the plea and sentencing.

### II. The Disposition.

The OWI sentencing statute provides for punishment for a *first* offense by imprisonment in the county jail and a fine of $1000. Iowa Code § 321J.2(2)(a)(1), (2).

However, in the discretion of the court, if no personal or property injury has resulted from the defendant's actions, up to five hundred dollars of the fine may be waived. As an alternative to a portion or all of the fine, the court may order the person to perform unpaid community service.

Iowa Code § 321J.2(2)(a)(2).

Third-offense OWI and each subsequent offense are class "D" felonies. Iowa Code § 321J.2(2)(c). The punishment provided is imprisonment in the county jail for a determinate term of not more than one year but not less than thirty days or commitment to the custody of the director of the department of corrections, and a fine of not less than $2500 nor more than $7500. *Id.* The statute makes no provision for community service in lieu of the fine in second or subsequent offenses.

The State argues, because the legislature provided for conversion to community service for a first offense but did not mention that alternative as to second or subsequent convictions, this is a clear case of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another). Therefore, a conversion of a fine into unpaid community service cannot be implied for second and subsequent offenses.

Lutgen responds that the State misses his point; he is not requesting unpaid community service under Iowa Code section 321J.2(2)(a)(2) but rather is seeking the benefit of another statute, Iowa Code section 909.3A. That statute provides:

The court may, in its discretion, order the defendant to perform community service work of an equivalent value to the fine imposed where it appears that the community service work will be adequate to deter the defendant and to discourage others from similar criminal activity. The rate at which community service shall be calculated shall be the federal minimum wage.

Iowa Code § 909.3A (1997). Section 909.3A has never been interpreted by us, either alone or in conjunction with other statutes. It was enacted in 1993 as part of a broad revision of our sentencing laws. *See* 1993 Iowa Acts ch. 110, § 12. Nothing appears in the wording of section 909.3A, in the statutory context in which it appears, or in the limited legislative history available, that suggests section 909.3A is not applicable to all fines, including those in OWI cases.

Because Iowa Code section 321J.2 deals only with OWI sentencing, it is more specific than section 909.3A, which covers sentencing in general. One rule of statutory interpretation is that

> [g]eneral and specific statutes should be read together and harmonized, if possible. However, to the extent of an irreconcilable conflict between them, the specific or special statute ordinarily will prevail over the general one.

82 C.J.S. *Statutes* § 355, at 474 (1999).

> When construing a general and a specific statute pertaining to the same topic, it is necessary to consider the statutes as consistent with one another; such statutes therefore should be harmonized, if possible, with the objective of giving effect to a consistent legislative policy. If a court can reasonably harmonize two statutes dealing with the same subject, it must give concurrent effect to both, even though one is specific, or special, and the other general.

*Id.* at 474–75 (citations omitted).

We believe the two statutes involved here may be reasonably harmonized and are not mutually exclusive. First, the wording of the statutes does not suggest they may not coexist in the context of OWI sentencing. Second, the provisions of the more specific one are not included in the general one. In fact, the statutes are quite different. For example, section 321J.2(2)(a)(2) provides the court may waive the fine and in lieu of it order the person to perform *unpaid* community service. Section 909.3A, on the other hand, provides for "paid" community service in the sense that credit is given toward the fine at the federal minimum wage rate. In contrast to section 321J.2(2)(a)(2), section 909.3A does not *waive* a fine; it merely provides an alternative means of satisfying it. Further, section 321J.2(2)(a)(2) requires no finding by the court regarding the deterrent effect of converting the fine to community service, while section 909.3A requires a finding "that the community service work will be adequate to deter the defendant and to discourage others from similar criminal activity."

We agree with the State that section 321J.2(2)(a)(2) does not permit a court to order the satisfaction of an OWI fine through community service. We do not agree, however, that section 909.3A could not be applied. Upon proper findings, as required by section 909.3A, concerning the deterrent effect of conversion to community service, the court has authority to convert an OWI fine into community service.

We vacate the sentence and remand for resentencing. We express no view as to whether a community service alternative under section 909.3A should be ordered. That is a matter of discretion for the trial court.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**