STATE of Iowa, Plaintiff–Appellee,

v.

Carlos Alberto KRAMER, Jr.,
Defendant–Appellant.

No. 09–0140.

Court of Appeals of Iowa.

Aug. 19, 2009.

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Paul L. Martin, County Attorney, and Carlyle D. Dalen, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and

VOGEL, J., and MILLER, S.J.*

### VOGEL, J.

Carlos Kramer appeals from the fine imposed on his conviction for operating while intoxicated, first offense. He asserts the district court erred in determining the fine could not be suspended. Because we conclude the district court had discretion to suspend the fine imposed under Iowa Code section 321J.2(2)(a)(2) (2007), we vacate the fine portion of his sentence and remand for resentencing.

### I. Background Facts and Proceedings

On August 3, 2008, Kramer was arrested for operating while intoxicated (OWI). On October 15, 2008, Kramer filed a motion to adjudicate law points requesting the district court to determine whether it had discretion to suspend the fine portion of the sentence for OWI, first offense. The district court found that the fine was mandatory and it therefore had no discretion to suspend the fine. On January 12, 2009, the court accepted Kramer's guilty plea to OWI, first offense, in violation of Iowa Code section 321J.2. Kramer was sentenced to "two days" in jail and a $1250 fine, plus surcharge and costs. As an alternative to $625 of the fine and $200 of the surcharge, the district court ordered that Kramer could perform 126 hours of community service within four months of sentencing. Kramer appeals and challenges the fine imposed, claiming the district court erred in determining it did not have discretion to suspend the fine.

### II. Standard of Review

■ Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R.App. P. 6.907

(2009); *State v. Sandifer,* 570 N.W.2d 256, 257 (Iowa Ct.App.1997). A sentence will not be disturbed on appeal unless the defendant shows an abuse of discretion or a defect in the sentencing procedure. *Sandifer,* 570 N.W.2d at 257 (citing *State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995)). Failing to exercise discretion in determining what sentence to impose when a sentence is not mandatory is a defective sentencing procedure, which requires vacation of the sentence and a remand for resentencing. *State v. Ayers,* 590 N.W.2d 25, 27 (Iowa 1999); *State v. Lee,* 561 N.W.2d 353, 355 (Iowa 1997).

### III. Analysis

■ We read "general sentencing statutes *in pari materia* with specific sentencing provisions found elsewhere in the Code." *State v. Iowa Dist. Ct.,* 616 N.W.2d 575, 581 (Iowa 2000). "[G]eneral and specific statutes should be read together and harmonized, if possible. However, to the extent of an irreconcilable conflict between them, the specific or special statute ordinarily will prevail over the general one." *State v. Lutgen,* 606 N.W.2d 312, 314 (Iowa 2000) (quoting 82 C.J.S. Statutes § 355, at 474 (1999)). Additionally, "a statute is interpreted as an integrated whole. In other words, we consider the content of the provision at issue and interpret the provision consistent with the entire statute of which it is a part." *State v. Kamber,* 737 N.W.2d 297, 299 (Iowa 2007).

■ Kramer appeals solely on the issue of the fine imposed as part of his sentence. Iowa Code section 321J.2 provides that a first offense OWI is a serious misdemeanor to be punished in part by the assessment of a $1250 fine. Iowa Code § 321J.2(2)(a)(2).[1] Another subsection of

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2009).

1. Iowa Code section 321J.2(2)(a)(2) provides:

the same statute further provides that notwithstanding the provisions of sections 901.5 and 907.3, the court cannot suspend "execution of any other part of a sentence not involving incarceration imposed" for an OWI conviction, if any of five circumstances apply: (1) the defendant's blood alcohol content exceeds .15; (2) the defendant has a previous conviction for OWI; (3) the defendant has a previous deferred judgment or sentence for OWI; (4) the defendant refused chemical testing; or (5) the offense resulted in bodily injury to a person other than the defendant. *Id.* § 321J.2(3)(a).[2] None of these circumstances are applicable in the present case.

"[Section 321J.2] must be read in *pari materia* with the Code's general sentencing provisions." *State v. Chana,* 476 N.W.2d 38, 39 (Iowa 1991). Iowa Code sections 901.5 and 907.3 are general sentencing provisions that grant the court discretion to suspend all or any part of a sentence, including a fine. *State v. Klein,* 574 N.W.2d 347, 348–49 (Iowa 1998); *Cha-*

*na,* 476 N.W.2d at 39–40. This authority "is negated only when a specific statute withholds this general sentencing authority." *Klein,* 574 N.W.2d at 348–49; *Chana,* 476 N.W.2d at 39–40; *State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979). As section 321J.2 does, section 907.3 also specifically prohibits the suspension of "any part of a sentence not involving incarceration imposed" for an OWI conviction if any of five circumstances apply, which are identical to those noted above and not applicable in this case. *Id.* §§ 321J.2(3)(a), 907.3(3)(c). Although sections 901.5 and 907.3 grant the court general authority to suspend a fine, sections 321J.2 and 907.3 specify when the fine may not be suspended for an OWI conviction—negating the general authority in these circumstances. Unless one of these enumerated circumstances applies, the fine may be suspended.

■ The legislature "knows how to eliminate sentencing options." *Sandifer,*

---

Assessment of a fine of one thousand two hundred fifty dollars. However, in the discretion of the court, if no personal or property injury has resulted from the defendant's actions, the court may waive up to six hundred twenty-five dollars of the fine when the defendant presents to the court at the end of the minimum period of ineligibility, a temporary restricted license issued pursuant to section 321J.20. As an alternative to a portion or all of the fine, the court may order the person to perform unpaid community service.

2. Iowa Code section 321J.2(3)(a) provides:
Notwithstanding the provisions of sections 901.5 and 907.3, the court shall not defer judgment or sentencing, or suspend execution of any mandatory minimum sentence of incarceration applicable to the defendant under subsection 2, and shall not suspend execution of any other part of a sentence not involving incarceration imposed pursuant to subsection 2, if any of the following apply:
   (1) If the defendant's alcohol concentration established by the results of an analysis

of a specimen of the defendant's blood, breath, or urine withdrawn in accordance with this chapter exceeds .15, regardless of whether or not the alcohol concentration indicated by the chemical test minus the established margin of error inherent in the device or method used to conduct the test equals an alcohol concentration of .15 or more.
   (2) If the defendant has previously been convicted of a violation of subsection 1 or a statute in another state substantially corresponding to subsection 1.
   (3) If the defendant has previously received a deferred judgment or sentence for a violation of subsection 1 or for a violation of a statute in another state substantially corresponding to subsection 1.
   (4) If the defendant refused to consent to testing requested in accordance with section 321J.6.
   (5) If the offense under this chapter results in bodily injury to a person other than the defendant.

570 N.W.2d at 258; *see Hildebrand,* 280 N.W.2d at 397 ("[T]he legislature has demonstrated its ability to express its intent to eliminate sentencing options."). Had the legislature wanted to limit the court's discretion to suspend the fine for an OWI first offense conviction, the legislature could have prohibited the suspension of the fine as it did for the minimum incarceration portion of the sentence. *See* Iowa Code §§ 321J.2(3) (prohibiting the suspension of "any mandatory minimum sentence of incarceration" but only prohibiting the suspension of a fine under enumerated circumstances); 907.3(3) (stating the court "shall not suspend ... a mandatory minimum sentence of incarceration imposed" for an OWI conviction). Rather, the legislature only limited the court's discretion to suspend the fine under five specific enumerated circumstances. *Id.* §§ 321J.2(3)(a), 907.3(3)(c). Upon examination of these three statutes, we find no specific provision that prohibits a court from exercising its general authority to suspend the fine imposed for an OWI, first offense.

However, the State argues that another code section, section 903.1, specifically negates the court's authority to suspend the fine. Kramer responds that this code section does not apply to the fine imposed for an OWI, first offense. Section 903.1 is a general sentencing statute that provides if a defendant is "convicted of a ... serious misdemeanor and a specific penalty is not provided for ... the court shall" fix the amount of the fine to at least $315 but not more than $1875 and may not suspend the fine. *Id.* § 903.1(1). However, section

321J.2 is the specific OWI sentencing statute and provides for a specific penalty of a fine of $1250. *Id.* § 321J.2(2)(a)(2); *see State v. Daniel,* 574 N.W.2d 333, 335 (Iowa 1998) ("[T]he district court may not use the penalty provisions provided in section 903.1(1) if a specific penalty is provided in another statute."). Because section 903.1 is only applicable *"if a specific penalty is not provided for"* and section 321J.2 does provide for a specific penalty, section 903.1 is not applicable as to the fine portion of the sentence. Iowa Code § 903.1(1) (emphasis added).[3]

Furthermore, as we noted above, we read general and specific statutes together, but if an irreconcilable conflict exists between the general and specific statutes, then the specific statute prevails. *Lutgen,* 606 N.W.2d at 314; *see Lee,* 561 N.W.2d at 354–55 (holding a specific sentencing statute controls over the general sentencing provisions of section 903.1); *Sandifer,* 570 N.W.2d at 257 (same). In this case, the two statutes, sections 321J.2 and 903.1, speak to the same topic—suspension of a fine. The specific statute, section 321J.2, would have no purpose to enumerate the circumstances where a fine cannot be suspended if a fine cannot be suspended at all under the general statute, section 903.1. Therefore, we find that because an irreconcilable conflict exists between the two statutes, section 321J.2 controls over section 903.1 as to the fine portion of the sentence.

## IV. Conclusion

We conclude that when none of the circumstances enumerated in Iowa Code sec-

---

**3.** Section 321J.2 sets forth a mandatory minimum period of incarceration of forty-eight hours, but does not set a maximum period of incarceration for an OWI, first offense. Iowa Code § 321J.2(2)(a)(1). Consequently, section 903.1 is applicable to provide a maximum period of incarceration. Iowa Code § 903.1(1) (providing that for a serious misde-

meanor, the court may order imprisonment not to exceed one year); *see also Klein,* 574 N.W.2d at 348–49 (holding that where the language of the statute required the imposition of both confinement, of which a portion could not be suspended, and a fine, the court had the ability to impose a fine and then suspend it).

tion 321J.2(3)(a) that prohibit suspension of a fine apply, the district court has discretion to suspend the fine portion of the sentence in an OWI first offense conviction under Iowa Code section 321J.2(2)(a). Because the district court in this case concluded that it did not have discretion to do so, we vacate the fine portion of Kramer's sentence and remand for resentencing to allow the district court to exercise its discretion. The resentencing is limited to the fine imposed. *See Sandifer,* 570 N.W.2d at 258 (limiting resentencing to the fine imposed where it was the only portion of the sentence challenged on appeal).

**SENTENCE PARTIALLY VACATED AND REMANDED FOR RESENTENCING.**