# IN THE COURT OF APPEALS OF IOWA

No. 21-0170
Filed November 3, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSEPH ROBERT McGRAW,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Defendant appeals the fine imposed after he pled guilty to operating a vehicle while intoxicated. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

After being pulled over for driving while under the influence of methamphetamine and amphetamines, Joseph McGraw was convicted of operating while intoxicated (OWI), first offense; introducing contraband into a correctional facility; possession of methamphetamine, third or subsequent offense; and fourth-degree theft. At the sentencing hearing, the State told the court in its sentencing recommendation that the fine associated with McGraw's OWI charge could not be suspended. The court made no record on any discretion over its decision about the fine, and ultimately imposed it. McGraw now argues that the court both had the discretion to suspend the fine and abused its discretion by not exercising such. Because McGraw failed to show the district court was unaware of its discretion, we affirm the district court's sentence.

**I. Background Facts and Prior Proceedings.**

In 2020, McGraw entered written guilty pleas[1] to OWI, first offense; introducing contraband into a correctional facility; possession of methamphetamine, third or subsequent offense;[2] and fourth-degree theft. Still, he refused to cooperate with the presentence investigation ordered by the court as a part of its sentencing evaluation; the court had to put out a warrant for McGraw's

---

[1] While Iowa Code 814.6 (2020) would typically prevent a defendant from appealing from a guilty plea, there is an exception where a defendant establishes good cause. Neither party argues that appeal in this case is prevented by section 814.6 for lack of good cause. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

[2] McGraw had previously received and violated probation in 2003 and again faced drug charges in 2004, 2005, and 2007.

arrest to compel its completion. At the sentencing hearing, the State recommended five years of incarceration and a fine with surcharge of $750, suspended, for bringing contraband into a correctional facility; five years of incarceration and a fine with surcharge of $750, suspended, for possession of methamphetamine; one year of incarceration and a $1250 fine with surcharge for the OWI; and one year of incarceration, victim restitution, and a $315 fine with surcharge for theft. The State specifically stated, "[For the OWI] we would recommend that the term of incarceration be imposed. I'd also point out for the Court that that fine would also have to be imposed and is not a suspendable fine," and said the same of the theft fine. In response, McGraw requested a sentence of one year, or until maximum benefit, at a residential facility.

After a detailed discussion of McGraw's substance use and criminal history, the court followed the State's recommendations and ordered the sentences to run concurrent for a total of a five-year prison sentence, along with successful completion of drinking driver's school and a substance-abuse evaluation. The fines for possession of methamphetamine and bringing contraband into a correctional facility were suspended, while the fines for the OWI and theft were imposed. At the sentencing hearing, the court did not mention its discretion, or lack thereof, in regards to the OWI fine. McGraw now appeals only the imposition of a fine for the OWI charge.

## II. Preservation of Error and Standard of Review.

"We consider the court's failure to exercise its discretion a defective sentencing procedure to which our error preservation rules do not apply," *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999), and so we need not discuss error

preservation in this case.  We review a criminal sentence for the correction of errors at law.  *State v. Kramer*, 773 N.W.2d 897, 898 (Iowa Ct. App. 2009).  The defendant must show an abuse of discretion by the sentencing court or a defect in its sentencing procedure.  *Id.*  When a particular sentence is not mandatory, the district court must exercise its discretion in sentencing.  *State v. Moore*, 936 N.W.2d 436, 439 (Iowa 2019).

**III. Analysis.**

Both parties agree that the court did, in fact, have the discretion to suspend the fine associated with the OWI charge.[3]  *See Kramer*, 773 N.W.2d at 900–01.  However, they debate whether the court knew it had the discretion to do so.  "When a sentencing court has discretion, it must exercise that discretion."  *Ayers*, 590 N.W.2d at 27.  The court shows this exercise by stating, on the record, the reasons for choosing such a sentence; still, it need not give reasons for rejecting a particular sentence.  *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).  Courts must provide a statement of reasons for their sentence, but it may be "terse and succinct'" as long as it does not prevent appellate review.  *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

McGraw draws our attention to *Ayers*, where the court, prosecutor, and defense counsel all made comments during a sentencing hearing that made clear

---

[3] We recognize that since *Kramer* was decided, section 321J.2 has been amended.  Neither party has argued the amendments to section 321J.2, or a provision in section 907.3(3)(c) that prohibits the court from suspending "any part of a sentence not involving incarceration imposed pursuant to section 321J.2, subsection 3, 4, or 5, *beyond the mandatory minimum*," affects our decision in *Kramer*.  Iowa Code § 907.3(3)(c) (emphasis added); *see also* Iowa Code § 321J.2(3)(c) (setting forth the same minimum and maximum fine of $1250 for first-offense OWI).  We accordingly proceed under the guidance of *Kramer*.

each mistakenly believed the court had no discretion in imposing a mandatory minimum sentence. 590 N.W.2d at 26–27. The same was true in *Kramer*, where the district court found, following a motion to adjudicate law points, that it did not have the discretion to suspend the fine associated with the defendant's OWI charge. 773 N.W.2d at 898. The facts of McGraw's case are distinct from *Ayers* or *Kramer* because the court, in its sentencing decision, did not make any mention of whether or not it had discretion to suspend McGraw's OWI fine—the only comment made was that of the prosecutor. In fact, *Ayers* distinguishes itself from earlier case law because the defendant was able to provide record that made clear the court was mistaken about its discretion; when the court "could not tell from the record whether the sentencing court was aware it had discretion . . . there was a presumption the court declined to [use its discretion] and thus properly exercised its discretion in sentencing the defendant." *Ayers*, 590 N.W.2d at 29.

McGraw argues now only that the record does not make clear that the district court exercised its discretion in maintaining the $1250 fine for McGraw's OWI charge because the court summarily imposed the fine and did not offer any explanation for why it imposed that fine when it suspended the others. He provides no case that directs a misstatement by the prosecutor alone equates to a defect in a court's sentencing procedure. He also points to nothing in the record that clearly shows the court did not understand its discretion. The burden in this case is on McGraw to show that the court abused its discretion because it erroneously believed it had none. *See id.* at 29 ("[S]entencing decisions of the district court are cloaked with a strong presumption in their favor."). Here, it is a burden McGraw has not met.

**IV. Conclusion.**

As McGraw has not pointed to any part of the record that demonstrates the court was unaware of its discretion and so, failed to exercise it, there was no error in imposing the $1250 fine associated with his OWI charge. We affirm the district court's sentence.

**AFFIRMED.**