# In the Iowa Supreme Court

No. 24–0053

Submitted January 21, 2025—Filed February 14, 2025

**State of Iowa,**

Appellee,

vs.

**Taylor Christopher Smith,**

Appellant.

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, judge.

A defendant appeals his sentence for third-degree sexual abuse, challenging the fine imposed and the notice of firearm prohibition. **Sentence Vacated in Part and Case Remanded for Resentencing.**

Oxley, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy (argued), Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino (argued), Assistant Attorney General, for appellee.

**Oxley, Justice.**

In this appeal, we consider whether the district court abused its sentencing discretion when it imposed a fine greater than the statutory minimum for third-degree sexual abuse, a class "C" felony. When the statutory punishment for an offense is increased after the defendant commits the charged offense but before sentencing, the defendant is sentenced based on the law that was in effect at the time the crime was committed. Here, the relevant statutory range for the fine associated with a class "C" felony was $1,000 to $10,000. The district court imposed a $1,370 fine, which coincides precisely with the increased minimum fine for a class "C" felony that went into effect after the charged conduct. As explained more fully below, we conclude that the district court misunderstood the applicable range and thereby abused its discretion when it imposed a $1,370 fine.

Smith also received a notice of firearm prohibition, which he challenges as violating his right to keep and bear arms under the United States and Iowa Constitutions. We conclude that the notice of firearm prohibition in this case is not reviewable on direct appeal, and thus we do not reach the merits of Smith's constitutional challenges.

As explained below, we vacate only that portion of the sentence relating to the fine and remand for resentencing.

### I. Factual Background and Proceedings.

In June 2020, fourteen-year-old K.S. and her mother made a report to the Sioux City Police Department. K.S. reported that Taylor Smith, twenty-three years old at the time, had sexually assaulted her against her will at her home three weeks earlier while K.S. was babysitting Smith's two children, and K.S.

was now pregnant. In late February 2021, K.S. gave birth to P.S. A DNA test confirmed that Smith is P.S.'s biological father.

In May 2021, Smith was charged with third-degree sexual abuse for performing a sex act with K.S. when she was fourteen years old and he was four or more years older in violation of Iowa Code section 709.4(1)(*b*)(3)(d) (2020), colloquially referred to as statutory rape. Third-degree sexual abuse is a class "C" felony. *Id.* § 709.4(2). After a bench trial, Smith was found guilty as charged.

At the sentencing hearing on January 5, 2024, the district court ordered Smith to serve an indeterminate term of incarceration not to exceed ten years, imposed a $1,370 fine (suspended) plus a 15% crime services surcharge (suspended), and a $90 sexual abuse surcharge. The district court's judgment and sentence order included a number of provisions under the heading "Miscellaneous Notices," including:

> Firearms/Ammunition/Concealed Weapons Permit: People who have been convicted of felonies (in state or federal court) are not permitted to possess, ship, transport, or receive a firearm, offensive weapon, or ammunition in Iowa, unless they have been pardoned or had their civil rights restored. (Iowa Code §§ 724.8, 724.15, 724.26, 724.27.)

Four days later, on January 9, the district court issued a notice of firearm prohibition pursuant to Iowa Code section 724.31A (2024):

> Pursuant to I.C. 724.31A, the court hereby notifies the party named above that . . . the court issued an order or judgment by which the party named above lost firearm rights because the party named above met one or more of the following criteria: [*Judge: check applicable criteria*]:
>
> * Felony conviction [I.C. 724.26(1) and 18 USC 922(g)(1)]
>
> The party's identifying information will be reported to the Federal Bureau of I[nvestig]ation (FBI) National Criminal Instant Background Check System (NICS) through the Iowa Department of Public Safety.

(First and second alterations in original.)

Smith raises two arguments in his direct appeal: (1) the district court abused its sentencing discretion when it imposed a $1,370 fine because it mistakenly believed the range was $1,370 to $13,660, the increased range that went into effect on July 15, 2020; and (2) the notice of firearm prohibition based on his felony conviction is unconstitutional under the Second Amendment to the United States Constitution and article I, section 1A of the Iowa Constitution. We address each argument in turn.

**II. Analysis.**

**A. Sentencing Discretion.** Smith argues that the district court abused its sentencing discretion when it imposed a $1,370 fine because the district court did not appreciate that the applicable statutory range was actually $1,000 to $10,000, the range in effect when he committed the charged offense. The State argues that the district court did not abuse its sentencing discretion because it imposed a fine that fell within the statutory range that existed at the time of the offense and nothing in the record indicates that the district court misunderstood its authority.[1]

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor[] and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)); *see also State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020) ("If the sentence imposed is within the statutory limits, . . . we review for an abuse of discretion."). A district court

---

[1]The State does not argue that, because the fine was suspended, any error is harmless. We therefore do not consider it as such.

abuses its discretion "when [its] decision . . . 'is based on an erroneous application of the law,' " *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018) (quoting *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016)), such as when a "sentencing court fails to exercise discretion because it 'was unaware that it had discretion,' " *State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022) (quoting *State v. Davison*, 973 N.W.2d 276, 289 (Iowa 2022)). Smith does not argue that the district court considered inappropriate matters in determining what sentence to impose, so his challenge turns on whether the district court abused its discretion.

While the district court is required to demonstrate its exercise of discretion by stating on the record the reasons for imposing a particular sentence, it "is generally not required to give its reasons for rejecting particular sentencing options." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) (per curiam). Given the strong presumption afforded a sentence within the applicable range, *see Damme*, 944 N.W.2d at 105–06, we require the defendant to "provide a record showing that the court abused its discretion," *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018) (quoting *State v. Ayers*, 590 N.W.2d 25, 29 (Iowa 1999)) (concluding that the record revealed that the district court understood its sentencing options). When the district court fails to exercise its discretion, a remand for resentencing is required. *Ayers*, 590 N.W.2d at 27; *see also Wilbourn*, 974 N.W.2d at 67 ("But when the sentencing court fails to exercise discretion because it 'was unaware that it had discretion,' we typically vacate and remand for resentencing." (quoting *Davison*, 973 N.W.2d at 289)); *State v. Kramer*, 773 N.W.2d 897, 898 (Iowa Ct. App. 2009) ("Failing to exercise discretion in determining what sentence to impose when a sentence is not mandatory is a

defective sentencing procedure, which requires vacation of the sentence and a remand for resentencing.").

To avoid constitutional concerns, "criminal defendants are sentenced based on the law that was in effect at the time the crime was committed"—not on the law that is in effect at the time of sentencing. *State v. Louisell*, 865 N.W.2d 590, 604 (Iowa 2015) (Mansfield, J., concurring in part and dissenting in part); *see also State v. Lopez*, 907 N.W.2d 112, 122–24 (Iowa 2018) (holding that the district court violated the federal and state constitutional prohibition on ex post facto laws when it imposed a higher surcharge that became effective after the offense was committed). However, when an amendment to a statute *reduces* the penalty for an offense, the defendant receives the benefit of the new provision. *See* Iowa Code § 4.13(2) ("If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed *shall* be imposed according to the statute as amended." (emphasis added)); *see also Louisell*, 865 N.W.2d at 604 (Mansfield, J., concurring in part and dissenting in part) ("However, Iowa Code section 4.13(2) provides that if the punishment for an offense is reduced, then punishment 'if not already imposed shall be imposed according to the statute as amended.' "); *State v. Chrisman*, 514 N.W.2d 57, 62 (Iowa 1994) ("The language of the statute shows that section 4.13 was intended to give a defendant who had not yet been sentenced the benefit of a reduced punishment enacted after the commission of the offense.").

When Smith committed the charged offense in June 2020, the fine associated with a class "C" felony ranged from $1,000 to $10,000, with a 35% crime services surcharge on the fine, Iowa Code § 902.9(1)(*d*) (2020); *id.* 911.1(1), and the sexual abuse surcharge was $100, *id.* § 911.2B(1). The Iowa General

Assembly amended sections 902.9(1)(*d*), 911.1(1), and 911.2B(1), effective July 15, 2020, increasing the fine associated with a class "C" felony to a range of $1,370 to $13,660, reducing the crime services surcharge from 35% to 15%, and reducing the sexual abuse surcharge from $100 to $90. 2020 Iowa Acts ch. 1074, §§ 18, 20, 45 (codified at Iowa Code § 902.9(1)(*d*) (2021); *id.* §§ 911.1(1), .2B(1)). Smith contends that the district court mistakenly applied the amended and higher statutory range and sentenced him to that minimum fine instead of considering the statutory range that existed at the time of the offense.

The $1,370 fine clearly fell within the statutory range that existed at the time of the offense: $1,000 to $10,000. Thus, we begin our review with a "strong presumption" in favor of the sentencing decision. *Ayers*, 590 N.W.2d at 29. Despite that presumption, we conclude that the district court misunderstood the applicable range and thereby abused its discretion because it imposed the $1,370 fine "based on an erroneous application of the law." *Wickes*, 910 N.W.2d at 564 (quoting *Hill*, 878 N.W.2d at 272).

At the sentencing hearing, the district court stated on the record the reasons for imposing incarceration:

> In regard to the sentence, the Court has considered -- well, the Court does believe that this sentence provides the maximum opportunity for rehabilitation of Mr. Smith, and also provides protection of the community against further offenses, not just by Mr. Smith, but by others.
>
> The Court has also specifically considered the contents of the presentence investigation report, the nature of the offense, the arguments of counsel, Mr. Smith's statement of allocution, the testimony provided here today, and the victim impact statement that was included in the PSI addendum.

But in setting the fine, the district court merely stated: "The Court does sentence the defendant, Taylor Christopher Smith, pursuant to Iowa Code section 901.6, to an indeterminate term of incarceration not to exceed 10 years and a fine of

$1,370 plus a 15 percent criminal surcharge. The fine and surcharge are suspended."

While the district court "is generally not required to give its reasons for rejecting particular sentencing options," *Thomas*, 547 N.W.2d at 225, we are tasked in this case with determining whether the record reveals that the district court understood that the applicable range was $1,000 to $10,000 when it chose to impose a fine of $1,370, which happened to coincide with the minimum fine under the amended, but inapplicable, range. Neither party addressed the fine amount at the sentencing hearing. The district court's statement imposing the fine, without further comment, does not help us either way.

But other things in the record do. The district court checked the box next to "902.9(1)(*d*)" on the judgment and sentence order form, which parenthetically noted that the applicable fine range was "$1,370–$13,660." It also checked the box indicating that the "Domestic or Sexual Abuse related surcharge" applied. Next to that checked box, the order stated: "Pursuant to Iowa Code § 911.2B(1), the Defendant is ordered to pay $90." The preprinted fine range and the preprinted sexual abuse surcharge both reflect the amounts stated in the amended statutes. While Iowa Code section 4.13(2) required the district court to apply the lower sexual abuse surcharge as amended in July 2020, nothing in the record indicates that the district court used the preprinted judgment and sentence order form for the reduced sexual abuse surcharge but not for the increased fine range. In addition, the district court suspended the fine and crime services surcharge, and it determined that Smith lacked the ability to pay any category "B" restitution, in part based on previous outstanding court fines for which Smith was on a payment plan. The district court's actions of suspending the fine and declining to impose any category "B" restitution due to Smith's

outstanding court debt provide additional record support for the conclusion that the district court believed the $1,370 fine was the minimum fine it could impose.

Thus, the evidence in the record supports the conclusion that the district court believed that the fine had to fall within the range of $1,370 to $13,660, which was an erroneous application of the law. Given that apparent misunderstanding, we conclude that even though the fine amount fell within the applicable range of $1,000 to $10,000, the district court nonetheless abused its discretion when it imposed the fine under the mistaken belief that $1,370 was the minimum available fine. *See Davison*, 973 N.W.2d at 289 (concluding that "prudence dictates that we should vacate [the defendant's] prison sentence and remand for resentencing" where the record suggested, but was not clear, that the district court misunderstood that probation was not a sentencing option); *see also State v. Moore*, 936 N.W.2d 436, 439–40 (Iowa 2019) (concluding that "the district court was unaware that it had discretion under section 901.10 to reduce section 902.7's five-year minimum term" where "section 901.10(1) went unmentioned" and the district "court expressly agreed with counsel's statement that 'we don't have too much wiggle room' "); *Ayers*, 590 N.W.2d at 33 (holding that the district court incorrectly believed it had no discretion as to the imposition of a fine and remanding for resentencing); *State v. Boley*, No. 23–0854, 2024 WL 707460, at *2 (Iowa Ct. App. Feb. 21, 2024) ("The trial court has the discretion to impose a higher fine than the minimum, but its explanation does not reflect an exercise of discretion. Instead, it shows a misstatement [about the relevant] minimum fines . . . ."); *Kramer*, 773 N.W.2d at 901 (concluding that the district court abused its discretion in determining that it had no discretion to suspend the fine portion of a sentence, vacating that portion of the sentence, and "remand[ing] for resentencing to allow the district

court to exercise its discretion"); *State v. Wong*, No. 01–1708, 2003 WL 183332, at *1 (Iowa Ct. App. Jan. 29, 2003) ("[T]he record shows the prosecutor, the defense counsel, and the court were unaware of the proper [fine range] to be applied.").

We therefore vacate the fine portion of Smith's sentence. *See Ayers*, 590 N.W.2d at 33 ("[W]e vacate only that portion of the sentence dealing with the mandatory minimum sentence and the fines [and] . . . remand for resentencing on these portions of the sentence."); *cf. State v. Duffield*, ___ N.W.3d ___, ___, 2025 WL 223425, at *3 (Iowa Jan. 17, 2025) ("Vacating the defendant's sentence and remanding the case for plenary resentencing should be the presumed remedy in cases involving the district court's failure to exercise its discretion in imposing a carceral sentence or the district court's failure to articulate its reasons for imposing a carceral sentence.").

**B. Notice of Firearm Prohibition.** Smith also challenges the notice of firearm prohibition, triggered by his felony conviction, as violating his rights under the Second Amendment to the United States Constitution and article I, section 1A of the Iowa Constitution. Before we can reach the merits of Smith's constitutional challenge, we must determine whether the issue is properly before us in this direct appeal from Smith's felony conviction. Smith argues that his failure to raise the challenge in district court is excused because the firearm prohibition is a term of his sentence, and "[a] defendant is not required to object to a term of sentence to preserve error on appeal." *State v. Letscher*, 888 N.W.2d 880, 884 (Iowa 2016). The State contests error preservation, arguing that the notice of firearm prohibition was not a punishment imposed as part of Smith's sentence—arguing instead that the notice of firearm prohibition merely alerted Smith of a collateral consequence following his felony conviction.

The district court's January 5, 2024, judgment and sentence order included the following under "Miscellaneous Notices":

> Firearms/Ammunition/Concealed Weapons Permit: People who have been convicted of felonies (in state or federal court) are not permitted to possess, ship, transport, or receive a firearm, offensive weapon, or ammunition in Iowa, unless they have been pardoned or had their civil rights restored. (Iowa Code §§ 724.8, 724.15, 724.26, 724.27.)

On January 9, the district court also issued a notice of firearm prohibition pursuant to Iowa Code section 724.31A (2024):

> Pursuant to I.C. 724.31A, the court hereby notifies the party named above that . . . the court issued an order or judgment by which the party named above lost firearm rights because the party named above met one or more of the following criteria: [*Judge: check applicable criteria*]:
>
> * Felony conviction [I.C. 724.26(1) and 18 USC 922(g)(1)]
>
> The party's identifying information will be reported to the Federal Bureau of I[nvestig]ation (FBI) National Criminal Instant Background Check System (NICS) through the Iowa Department of Public Safety.

(First and second alterations in original.) That same day, Smith filed a notice of appeal "from final judgment entered on January 5, 2024, and all adverse rulings therein."

Under Iowa Code section 724.31A(1), "[w]hen a court issues an order or judgment by which a person is prohibited from acquiring a pistol or revolver under section 724.15, subsection 2, paragraph 'd'," the clerk of court is required to provide certain, limited information about the person to be included in the national instant criminal background check system database. Section 724.31A(1) also requires that "[t]he clerk of the district court shall . . . notify the person of the prohibitions imposed under this section." *Id.* The "prohibitions" referenced in section 724.31A include individuals convicted of a felony. *See* Iowa

Code §§ 724.15(2)(*d*) (prohibiting a person from acquiring a pistol or revolver if they are ineligible to possess a dangerous weapon under section 724.8B), .8B (prohibiting a person from carrying weapons if they are ineligible to receive a permit to carry under section 724.8 subsections (2) through (6)), .8(4) (precluding issuance of a permit to carry weapons to anyone who "[i]s subject to the provisions of section 724.26"), .8(6) (precluding issuance of a permit to carry weapons to anyone who "[i]s prohibited by federal law from shipping, transporting, possessing, or receiving a firearm"), .26(1) (making it a class "D" felony for "[a] person who is convicted of a felony in a state or federal court" from knowingly possessing, receiving, or transporting a firearm or offensive weapon); *see also* 18 U.S.C. § 922(g)(1) (making it unlawful for a person "who has been convicted in any court" of a crime punishable by a term of imprisonment of over one year to ship, transport, possess, or receive firearms).

Smith challenges the notice of firearm prohibition under Iowa Code section 724.31A. But that notice was filed on January 9, four days after the January 5 judgment and sentence order. As we explained in *State v. Formaro*, when the district court addresses an issue in an order "following the entry of a judgment and sentence, any appeal from a ruling on th[at] issue must be separately appealed. A defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court." 638 N.W.2d at 727. Thus, regardless of whether the section 724.31A notice was a term of Smith's sentence, where Smith's notice of appeal only identifies the "final judgment entered on January 5, 2024, and all adverse rulings therein," the subsequent notice of firearm prohibition is not before us. *See id.*

Only the miscellaneous firearm prohibition notice included in the judgment and sentence order is before us. But that notice does little more than

inform Smith that "[p]eople who have been convicted of felonies" are subject to other statutory provisions. The notice itself does not preclude Smith from possessing firearms. Put another way, based on the language included in the district court's judgment and sentence order, Smith would not be subject to contempt of the order if he were to possess firearms in the future. This is evident from a comparison with other notices provided in the judgment and sentence order.

As discussed above, the "Firearms/Ammunition/Concealed Weapons Permit" notice states: "People who have been convicted of felonies (in state or federal court) are not permitted to possess, ship, transport, or receive a firearm, offensive weapon, or ammunition in Iowa, unless they have been pardoned or had their civil rights restored. (Iowa Code §§ 724.8, 724.15, 724.26, 724.27.)." Similarly, the "Voting" notice does little more than inform Smith that people convicted of a felony are subject to other statutory prohibitions:

> In Iowa, a person's voter registration is cancelled if the person is convicted of a felony. Iowa Code 48A.6. Voting rights may be restored after completion of the sentence, any required probation, parole, or supervised release, and all court costs, fees, and restitutions have been paid. This can change through Governor's Executive Order, and you may wish to contact your county auditor or the Iowa Secretary of State to determine if you are eligible to vote. Voting, when ineligible or disqualified, is a crime. Iowa Code 39A.

The "Booking/Fingerprinting" notice, on the other hand, orders the defendant to report to the county jail for booking and fingerprinting and states:

> Failure to complete this requirement will result in a warrant being issued for the defendant's arrest. Failure to comply with this requirement can be punished by contempt of court for which Defendant could receive up to six months in jail, a $500 fine, or both, and can also result in revocation of any probation granted by the Court.

(Emphasis omitted.) Whereas the "Booking/Fingerprinting" notice expressly directs Smith to act and informs him that failure to comply may subject him to contempt, the "Firearms/Ammunition/Concealed Weapons Permit" notice and the "Voting" notice do not.

In sum, the miscellaneous firearm prohibition notice included in the judgment and sentence order simply serves as a notice that Smith is subject to other statutory provisions if convicted of a felony—i.e., the notice itself does not prohibit Smith from possessing firearms. We therefore conclude that the notice of firearm prohibition is not a term of Smith's sentence properly before us on direct appeal, and thus we do not reach the merits of Smith's constitutional challenges.

**III. Conclusion.**

For the reasons stated above, we vacate only that portion of the sentence dealing with the fine and remand for resentencing.

**Sentence Vacated in Part and Case Remanded for Resentencing.**