## IN THE COURT OF APPEALS OF IOWA

No. 17-0590
Filed November 8, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LEAH MORGAN MALLORY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Sioux County, Robert J. Dull, District Associate Judge.

Leah Mallory appeals her conviction and sentence after pleading guilty to assault on persons engaged in certain occupations. **AFFIRMED AND REMANDED.**

Jared R. Weber, Orange City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Leah Mallory appeals her conviction and sentence after pleading guilty to assault on persons engaged in certain occupations, an aggravated misdemeanor, in violation of Iowa Code sections 708.1 and 708.3A(3) (2017). She challenges the voluntary, knowing, and intelligent nature of her plea and argues her trial counsel was ineffective in allowing her to plead guilty. She also challenges the sentence imposed.

### I. Background Facts and Proceedings.

The State initially charged Mallory with three counts of assault on persons engaged in certain occupations—one count as an aggravated misdemeanor and two counts as serious misdemeanors. Mallory agreed to plead guilty to the aggravated-misdemeanor charge in exchange for the State dropping the serious-misdemeanor charges and agreeing to recommend a sentence of 365 days in jail with all but twenty-one days of the sentence suspended. Mallory waived her right to file a motion in arrest of judgment, her right to an in-court plea colloquy, and her right to make a statement in mitigation of punishment. The district court accepted the plea after finding it was entered voluntarily and intelligently and was supported by a factual basis. The court sentenced Mallory as recommended in the plea agreement.

### II. Ineffective Assistance of Counsel.

Mallory appeals her conviction, arguing her plea was not voluntarily, knowingly, and intelligently entered. Mallory failed to challenge her plea by filing a motion in arrest of judgment. Therefore, she alleges her trial counsel was ineffective in allowing her to plead guilty. *See State v. Straw*, 709 N.W.2d 128,

133 (Iowa 2006) (stating a defendant's failure to move in arrest of judgment bars direct appeal of a conviction but not a claim that the failure was a result of ineffective assistance of counsel).

We review ineffective-assistance claims de novo. *See id.* In order to establish ineffective assistance of counsel, Mallory must show by a preponderance of the evidence that her counsel failed to perform an essential duty and that failure prejudiced her. *See id.* We may resolve the claim on direct appeal only if the record is adequate; if not, we preserve the claim to allow full development of the facts during postconviction proceedings. *See id.*

Mallory argues she did not enter her plea voluntarily, knowingly, and intelligently because she was never informed of the minimum and maximum penalties for the charge. *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005) ("If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty."). Iowa Rule of Criminal Procedure 2.8(2)(b)(2) requires the court[1] to inform a defendant who pleads guilty of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." We require "substantial compliance" with this rule. *State v. Fischer*, 877 N.W.2d 676, 682 (Iowa 2016).

The written guilty plea sets forth the mandatory minimum and maximum prison sentence, fine, and costs associated with the charge. However, Mallory

---

[1] Although, typically, the court must address a defendant personally in open court to inform the defendant of the rights a guilty plea waives, Mallory was permitted to waive that requirement because she was pleading guilty to an aggravated misdemeanor and the required information was set forth in the written plea. *See* Iowa R. Crim. P. 2.8(2)(b).

argues her plea was deficient because she was never informed the fine and surcharges could be suspended. Under Iowa Code section 901.5(3), the court has the power to suspend the execution of any part of a sentence, including a fine, unless specifically negated by statute. *See State v. Klein*, 574 N.W.2d 347, 348 (Iowa 1998). The decision to suspend a fine is discretionary. *See id.* at 348-49; *State v. Gray*, 514 N.W.2d 78, 79 (Iowa 1994). The court is only required to inform a defendant who pleads guilty of the *mandatory* minimum sentence for the offense. *See* Iowa R. Crim. P. 2.8(2)(b)(2). Nothing requires that a defendant be informed of the court's discretionary ability to suspend a fine. Because counsel did not breach an essential duty when Mallory pled guilty without knowledge of the court's ability to suspend the fine and surcharges, Mallory's ineffective-assistance claim fails. We affirm her conviction.

**III. Sentence.**

Mallory next challenges the sentence imposed. We afford the district court discretion in imposing a sentence that falls within the statutory limits. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). We only interfere with the sentence if an abuse of that discretion is shown. *See id.* In exercising its discretion, the court must "weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *Id.* (quoting *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991)).

To allow for review of its sentence, the district court must state on the record its reasons for selecting a particular sentence, though it need not provide detailed reasons. *See State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). The

failure to provide any reasons for selecting a sentence will, alone, warrant vacation of the sentence. *See State v. Oliver*, 588 N.W.2d 412, 415 (Iowa 1998).

Mallory argues the court failed to sufficiently state its reasons for imposing the sentence. In its order, the district court stated it was considering the plea agreement, the sentencing option that would provide the maximum opportunity for Mallory's rehabilitation, and the sentence that would afford the protection of the community from further offenses committed by Mallory and others. These reasons, though stated succinctly, are sufficient to afford review. *See Jacobs*, 607 N.W.2d at 690 (stating a cursory explanation for selecting the sentence imposed will suffice). The court acted within its discretion in imposing the sentence, which we affirm.

### IV. Error in the Written Judgment.

Finally, Mallory complains that although she entered a plea of guilty to assault on persons engaged in certain occupations pursuant to Iowa Code section 708.3A(3), the written judgment erroneously identifies the statute for the crime as section 708.2(3). Although Mallory claims this error is substantive, it is clear the error was clerical. *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) ("An error is clerical in nature if it is not the product of judicial reasoning and determination."). Accordingly, we remand to the district court to enter a nunc pro tunc order so that the written judgment reflects the correct charge and code section of Mallory's conviction. *See id.* at 529 (stating the correct remedy for a clerical error is for the district court to correct the judgment entry by nunc pro tunc order).

**AFFIRMED AND REMANDED.**