# IN THE COURT OF APPEALS OF IOWA

No. 23-2113
Filed January 23, 2025

**JENNA SONDAG,**
        Plaintiff-Appellant,

**vs.**

**ORTHOPAEDIC SPECIALISTS, P.C. and JOHN HOFFMAN, M.D.,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Scott County, Stewart P. Werling,

Judge.


        A plaintiff appeals the district court's dismissal of her medical-negligence

action following the decertification of her expert witness.  **AFFIRMED.**


        Roxanne Conlin and Devin Kelly of Roxanne Conlin & Associates, P.C.,

Des Moines, for appellant.

        Ian J. Russell and Alexander C. Barnett of Lane & Waterman LLP,

Davenport, for appellees.


        Heard by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Jenna Sondag appeals the district court's dismissal of her medical negligence action against Orthopaedic Specialists, P.C. and John Hoffman, M.D. (collectively Hoffman) following the decertification of her expert witness. We affirm, discerning no abuse of discretion in the district court revisiting its earlier ruling or finding there was no good cause for an extension of time.

## I.    Background Facts and Proceedings

Sondag filed a lawsuit in January 2019 alleging medical negligence during a hip surgery. Iowa Code section 668.11 (2019) required Sondag to certify her expert witnesses—revealing their identity, qualifications, and subject matter of testimony—within 180 days of the defendants' answer, a deadline that ran in July 2019. And the parties' trial scheduling order required Sondag to provide any further Iowa Rule of Civil Procedure 1.500(2)(b) expert disclosures by August 2019. Sondag did not meet these deadlines. Hoffman also served written discovery requests to identify the experts, their qualifications, and their opinions, but Sondag failed to timely respond to these too.

Hoffman moved for summary judgment in September, arguing Sondag's lack of compliance with the expert-certification deadlines prohibited Sondag from presenting expert testimony at trial, which meant she could not generate a fact question on the standard of care, alleged breach, or causation. Sondag argued there was good cause under section 668.11 to extend the deadlines due to "bureaucratic delay," an error in docketing software that incorrectly calendared the deadlines, a prior-scheduled six-week jury trial around the same time, the unexpected illness of counsel, and because Hoffman would not be prejudiced by

an extension. Sondag also alleged the delay was in part due to unavailability of the surgeon who performed Sondag's remedial surgery, though Sondag's attorneys also said they reached out well before the deadline and found an alternative expert witness in March 2019.

In November, the district court denied Hoffman's motion for summary judgment and granted Sondag an extension of time to designate an expert. The district court credited Sondag's explanation for missing the deadlines as legitimate, and it determined the delay was minimal because the extension was granted only a few months past the relevant deadlines. The court found the prejudice to Hoffman was "minimal at most." And, because Hoffman's counsel sent discovery requests on the issue but didn't warn of the approaching deadlines, the court found defense counsel's actions weighed neither for nor against an extension of time.

Sondag complied with the extended deadlines: she certified expert witnesses in December 2019 and provided disclosures in January 2020.

In October 2023, a week before trial was to begin, Hoffman moved in limine to exclude Sondag's expert, arguing the district court previously erred in finding good cause to extend the deadlines. Relying on recent unpublished decisions from our court, the district court overruled its prior determination and decertified Sondag's expert. The case was then dismissed pursuant to section 668.11. Sondag moved to reconsider the dismissal, which the district court denied. Sondag appeals.

## II.     Standard of Review

We review the district court's good-cause determination and extension of expert-disclosure deadlines for abuse of discretion. *McGrew v. Otoadese*, 969

N.W.2d 311, 319 (Iowa 2022); *Hantsbarger v. Coffin*, 501 N.W.2d 501, 505 (Iowa 1993). "Trial courts have broad discretion in ruling on whether to extend the time allowed for parties to designate expert witnesses under rule 668.11, and the exercise of that discretion will not be disturbed unless it was exercised on clearly untenable grounds or to an extent clearly unreasonable." *Hill v. McCartney*, 590 N.W.2d 52, 54–55 (Iowa Ct. App. 1998) (citing *Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989)).

### III.    Discussion

On appeal, Sondag advances two arguments: that the district court should not have revisited its earlier ruling and that the court abused its discretion in finding there was not good cause warranting an extension of time. We address each in turn.

### A.  Revisiting the Earlier Ruling

Sondag first argues Hoffman's motion to decertify her expert 1441 days after the initial good-cause determination "stretch[es] the bounds of what can be considered under a motion in limine" and functioned as an untimely motion to reconsider under Iowa Rule of Civil Procedure 1.904. Regardless of label, we conclude the district court was permitted to correct an earlier ruling it believed was erroneous.

"A trial judge may usually correct his or her own rulings or that of another judge of the same court anytime before final judgment." *Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988). And the court may do so in response to an untimely pleading or even sua sponte. *See Madden v. City of Eldridge*, 661 N.W.2d 134, 137 (Iowa 2003) ("The trial court did not err in revisiting the motion to

ensure the issues were suitable for a trial on the merits."). Although we—like the district court—can recognize that an earlier ruling would have been better, the convenience of the parties does not outweigh the importance of a legally correct ruling. *See Richman v. Bd. of Supervisors Muscatine Cnty.*, 42 N.W. 422, 426 (Iowa 1889) (recognizing a court may correct earlier erroneous rulings because prohibiting such correction would be a "serious impediment to a fair and speedy disposition of causes"). And we note, as Sondag acknowledges, that the good-cause question would also come before us after trial and adverse final judgment. Iowa R. App. P. 6.103(4) ("Error in an interlocutory order is not waived by pleading over or proceeding to trial.").

We are sensitive to Sondag's complaint that Hoffman's motion was essentially converted into a renewed motion for summary judgment at the motion in limine hearing. But "[t]he label attached to a motion is not determinative of its legal significance; we will look to its content to determine its real nature." *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988). And nothing about the label of a pleading undermines the case law we've cited establishing a court's inherent power to correct earlier erroneous rulings, whether in response to a pleading or on the court's own motion.

Under this controlling case law, we discern no abuse of discretion by the district court reconsidering the issue, and we conclude Sondag is owed no relief regarding the procedure by which the court revisited the good-cause analysis.

### B. Good Cause

Sondag next argues that she had good cause for an extension and that the district court reversing itself on the eve of trial was an abuse of discretion on the

merits. The statutory deadline is explicit and requires certification within 180 days of an answer. Iowa Code § 668.11(1)(a). The Code is similarly clear that the testimony of an untimely certified expert must be excluded "unless leave for the expert's testimony is given by the court for good cause shown." *Id.* § 668.11(2).

The supreme court, when interpreting "good cause" in section 668.11, has applied the definition of good cause from motions to set aside a default judgment, which requires a

> sound, effective, truthful reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. The movant must show his failure to defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention. He must show affirmatively he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so. Defaults will not be vacated where the movant has ignored plain mandates in the rules with ample opportunity to abide by them.

*Donovan*, 445 N.W.2d at 766 (citation omitted). In deciding good cause, we have said the district court should consider "the seriousness of the deviation" from section 668.11's requirements, "the prejudice to" the opposing party, and the opposing "counsel's actions." *Hill*, 590 N.W.2d at 55. And the supreme court has held section 668.11 requires substantial compliance, with the objectives of "providing certainty about the identity of experts," "preventing last minute dismissals when an expert cannot be found," and "requir[ing] plaintiffs to have their proof prepared at an early stage in the litigation." *Nedved v. Welch*, 585 N.W.2d 238, 240 (Iowa 1998).

As the district court recognized, our recent unpublished decisions have provided additional guidance on what constitutes good cause under the statute. *See, e.g.*, *Jackson v. Cath. Health Initiatives, Inc.*, No. 22-1911, 2023 WL 5602863,

at *3 n.4 (Iowa Ct. App. Aug. 30, 2023); *Reyes v. Smith*, No. 21-0303, 2022 WL 1656238, at *2 (Iowa Ct. App. May 25, 2022); *Stanton v. Knoxville Cmty. Hosp., Inc.*, No. 19-1277, 2020 WL 4498884, at *3 (Iowa Ct. App. Aug. 5, 2020). The court in *Stanton* determined there was no good cause for a delay of "more than three months" in part because the plaintiff's belief the deadline was in June rather than January was not a sound and effective reason. 2020 WL 4498884, at *5. *Reyes* drew an arguably harsher line by rejecting a claim that the COVID-19 pandemic caused errors in calendaring deadlines and holding a delay in expert designation of "sixty-six days is substantial" was enough to warrant finding no good cause. 2022 WL 1656238, at *2. And in *Jackson*, we likewise were not persuaded there was good cause when "the plaintiffs missed their expert witness deadline under section 668.11 by about three months." 2023 WL 5602863, at *2.

Sondag tries to distinguish these cases, arguing that they "are drastically more severe than the deviation in the case at hand." But we are not persuaded those cases are so different that the district court here abused its discretion. In this case, Sondag's certification deadline was in July 2019, but she did not certify her expert witness until December 2019—more than four months late. And the initial deadline for expert witness disclosures was in August 2019, but she did not file until January 2020—again more than four months late. Against the backdrop of our recent unpublished decisions, it was not unreasonable for the district court to conclude Sondag's "reasoning for the delay in certification" was not a sound and effective reason when it was based on a calendaring error. We cannot say the district court abused its discretion here or relied on clearly untenable grounds. *See Hill*, 590 N.W.2d at 54–55.

As a final observation, we stress the importance of the standard of review to the outcome in this appeal. The facts supporting Sondag's untimely certification might have been sufficient to support *either* the first determination that there was good cause for an extension of time *or* the second determination that there wasn't good cause. The district court has substantial discretion in making such a determination, and we defer to the reasonable exercise of that discretion.[1] But it is not our role on appeal to decide which of the two rulings was more sound—only if the appealed ruling reflects an abuse of discretion. Seeing no abuse of discretion, we must affirm.

## IV.    Disposition

The district court did not abuse its discretion in revisiting its earlier good-cause ruling or in finding Sondag failed to demonstrate good cause for an extension of time to certify its expert witnesses. We affirm decertification and dismissal.

**AFFIRMED.**

---

[1] Sondag does not argue in her brief that the district court mistakenly believed it lacked discretion, and we express no opinion on such a claim. *Cf. State v. Sandifer*, 570 N.W.2d 256, 257 (Iowa Ct. App. 1997) ("A remand for resentencing is required where a court fails to exercise discretion because it believes it has no discretion."). Nor does she ask us to consider whether the motion in limine's request to impose the deadlines was impliedly waived by the delay in filing it. *Cf. S.K. by & through Tarbox v. Obstetric & Gynecologic Assocs. of Iowa City & Coralville, P.C.*, 13 N.W.3d 546, 554 (Iowa 2024) (majority); *id.* at 569–72 (Waterman, J., concurring (with three justices joining)). *But see* Iowa R. App. P. 6.103(4) ("Error in an interlocutory order is not waived by pleading over or proceeding to trial.").