**STATE of Iowa, Appellee,**

v.

**Todd Deangelo GOODSON, Appellant.**

**No. 92–647.**

Supreme Court of Iowa.

July 21, 1993.

Alfredo Parrish and Maggi Moss of Parrish & Kruidenier, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Shawn Wehde, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

The appellant, Todd Deangelo Goodson, challenges his convictions following a jury trial and the judgment and sentence entered by the district court on: (1) possession with intent to deliver a controlled substance while in possession of a firearm, Iowa Code sections 204.401(1)(a) and (e) (1991); (2) knowing possession of marijuana, Iowa Code section 204.401(3); and (3) failure to affix a drug tax stamp while in possession of a controlled substance, Iowa Code section 421A.12. Goodson claims he was denied a fair trial because he received ineffective assistance from his trial counsel. Goodson also claims the district court erred in admitting opinion evidence of a law enforcement officer which went to the ultimate issue to be decided by the jury over trial counsel's timely objection, and the sentencing court abused its discretion when it sentenced him to a term of 100 years incarceration. We reserve Goodson's ineffective assistance of counsel claim for postconviction relief proceedings, and we affirm the district court on the remaining two issues presented.

I. *Background facts and proceedings.*

On September 10, 1991, the Tri–County Drug Task Force executed a search war-

rant at the residence of Todd and Traci Goodson in Waterloo. Among other things, the task force seized fifteen individually wrapped packages containing fifty rocks of crack cocaine, a semi-automatic handgun, and handwritten poems extolling the virtues of being a drug dealer.

On December 2, 1991, Todd Goodson was ordered to appear for a nontestimonial identification at the Black Hawk County Attorney's office. The State's application asked that Goodson provide handwriting samples by filling out various standard forms. Goodson was given his *Miranda* rights. Officer Knief had Goodson write verbatim as the officer read aloud the poems seized from the Goodson residence. Goodson subsequently tore the sample into four pieces, which the officer retained. Goodson refused to provide a handwriting sample at a later nontestimonial identification session.

The State charged Goodson with: (1) possession with intent to deliver a controlled substance while in possession of a firearm, Iowa Code sections 204.401(1)(a) and (e); (2) knowing possession of marijuana, Iowa Code section 204.401(3); and (3) failure to affix a drug tax stamp, Iowa Code section 421A.12.

At Goodson's jury trial, Officer Knief testified that during the first nontestimonial identification session, Goodson often anticipated words and even supplied a missing word to the poems he copied. The torn pieces of the handwriting sample were admitted into evidence. Officer Knief also testified that during the raid, Goodson admitted knowing the cocaine was hidden in a motorcycle and admitted that the gun found in the rafters of the garage belonged to him.

Officer Jennings testified that possession of fifty rocks of crack cocaine and a semi-automatic handgun was consistent with being a distributor of crack cocaine. The district court overruled Goodson's objection that the State's questions were hypothetical and unsupported by the evidence.

Goodson introduced the testimony of several witnesses that Goodson stored the cocaine for another dealer. The district court allowed the testimony despite having expressed reservations, at a hearing held outside the jury's presence, that the testimony would be inculpatory as to Goodson. Goodson's counsel had explained the evidence would show Goodson was a coconspirator as to possession, rather than delivery, of the cocaine. Because of this testimony, the district court also instructed the jury on aiding and abetting and conspiracy.

The jury found Goodson guilty as charged on all three counts. The district court sentenced Goodson to prison terms of 100 years for count I, one year for count II, and five years for count III. Concerning the 100–year sentence for possession with intent to deliver a controlled substance while in possession of a firearm, the district court stated that it is "an extremely unfair punishment" but explained, "I don't have any discretion in this case given the statutes passed by the legislature." Goodson has appealed his convictions and judgment and sentence.

II. *Goodson's sentence to a term of 100 years imprisonment.*

Goodson claims that the district court abused its discretion in sentencing him to an indeterminate term of incarceration of 100 years for count I. *See State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983). (Goodson does not challenge his sentences for counts II and III.) Goodson's claim is actually that the district court failed to exercise its discretion and consider the factors relevant to sentencing pursuant to Iowa Code section 901.5. The district court in fact stated on the record at Goodson's sentencing hearing that it would not exercise discretion in sentencing Goodson for his conviction of possession with intent to deliver a controlled substance while in possession of a firearm, because the district court believed the legislature had substituted a statutorily mandated 100–year prison term for the court's discretion over sentencing. We agree with the district court.

Goodson was found guilty of a violation of Iowa Code section 204.401(1), possession with intent to deliver a controlled sub-

stance. The "penalty" portion of this statute states:

  a. Violation of this section, with respect to the following controlled substances, counterfeit substances, or simulated controlled substances is a class "B" felony, and notwithstanding section 902.9, subsection 1, shall be punished by confinement for no more than fifty years and a fine of not more than $1,000,000:

  ....

  (3) More than fifty grams of a mixture or substance described in subparagraph (2) which contains cocaine base.

While the penalties described in our criminal statutes use mandatory language, these statutes must be read in *pari materia* with the Iowa Code general sentencing provisions which allow district court discretion in sentencing. *See State v. Chana,* 476 N.W.2d 38, 39 (Iowa 1991); *State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979). In *Hildebrand,* this court in fact remanded the case for resentencing, finding that the trial court had failed to apply reasoned discretion. *Id.* at 396. We stated this rule:

  The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

*Id.* (citing *State v. Cupples,* 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967)). Neither Goodson nor the State contend that Iowa Code section 204.401(1)(a) denies the district court the opportunity to exercise discretion in determining an appropriate sentence, including the options available under Iowa Code section 901.5.

In the present case, however, the jury also found Goodson guilty of Iowa Code section 204.401(1)(e), which enhances the penalties under section 204.401 when the defendant is in the immediate possession or control of a firearm. This section states:

  e. A person in the immediate possession or control of a firearm while participating in a violation of this subsection shall be sentenced to two times the term otherwise imposed by law, *and no such judgment, sentence, or part thereof shall be deferred or suspended.*

(Emphasis added.) Under section 204.-401(1)(a), Goodson was found guilty of a class "B" felony for which he may be given an indeterminate sentence of confinement for no more than fifty years and a fine of not more than $1,000,000. Under subsection (e), the district court determined that when a firearm is involved the legislature intended to preempt the court's discretion and require an indeterminate sentence of 100 years incarceration that could not be deferred or suspended. We agree.

In *Chana,* we held that Iowa Code section 321J.2(2)(a) (1989), which provided penalties for first-offense OWI, preserved district court discretion to determine an appropriate sentence under the attending circumstances. We noted that the legislature may clearly preempt the district court's sentencing discretion and eliminate sentencing options with the inclusion of express language to that effect in the penalty section of a criminal statute. *Chana,* 476 N.W.2d at 40. We then went on to list the penalty portions of several criminal statutes in which the legislature clearly eliminated the district court's sentencing discretion. *Id.*

We find the preemption language required to have been used in the language of section 204.401(1)(e) (1991). The legislature's use of "no such judgment, sentence, or part thereof shall be deferred or suspended" instructs the district court that it must impose a term of incarceration which is twice the penalty otherwise imposed by law. "Term" in this subsection refers only to a term of incarceration; this subsection does not affect a court's sentencing discretion regarding the imposition of a fine. *Id.* (court distinguishes between imposition of a "fine" and a "term of confinement" and recognizes that the legislature may limit discretion for either penalty independently).

■ While an individual found guilty of possession with intent to deliver a controlled substance under Iowa Code section 204.401(1) may benefit from district court discretion in determining an appropriate judgment and sentence under that section alone, that discretion is removed when that individual is also found guilty of commission of the crime while in immediate possession or control of a firearm. The legislature clearly intended that the individual be subject to the penalty enhancement of two times the term of incarceration otherwise imposed in section 204.401 without the possibility of a deferred or suspended judgment or sentence.

### III. Admission of expert opinion going to the ultimate issue for the jury.

■ At trial the State questioned Officer Jennings regarding evidence of drug trafficking. The State asked Officer Jennings, based on his training and experience, whether possession of fifteen bags of rocks of crack cocaine, a semi-automatic handgun, and a pepper and crack cocaine mixture was consistent with crack cocaine dealing in the Waterloo area. Over Goodson's objections, Officer Jennings testified that this evidence was consistent with their use by someone who is engaged in trafficking cocaine.

■ Goodson claims the trial court erred in admitting this testimony, which he believes goes to the ultimate issue in the case, that of his guilt or innocence, and invades the province of the jury. The State argues this question is a general opinion of modus operandi, and Officer Jennings' answer did not address an opinion of Goodson's guilt or innocence. At trial Goodson objected on the grounds that the questions asked were hypothetical and were unsupported by the facts in the case. We believe that the objections were insufficient to apprise the district court of any valid ground for excluding Officer Jennings' opinion. State v. Horton, 231 N.W.2d 36, 38 (Iowa 1975). The defendant may not announce an objection at trial and on appeal rely on a different objection to challenge an adverse ruling. Id.; see also State v. Taylor, 310 N.W.2d 174, 177 (Iowa 1981). We therefore find that issue was not properly preserved for appellate review.

### IV. Ineffective assistance of trial counsel claims.

■ Goodson further alleges he was denied effective assistance at trial because his trial counsel (1) presented inculpatory evidence, (2) failed to move to suppress the evidence obtained through the nontestimonial identification, (3) failed to adequately prepare for trial, and (4) failed to adequately cross-examine witnesses. To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of evidence that the counsel failed to perform an essential duty and prejudice resulted. State v. Risdal, 404 N.W.2d 130, 131–32 (Iowa 1987). The defendant must show that there is a reasonable probability that, but for trial counsel's unprofessional error, the result of the proceeding would have been different. Gering v. State, 382 N.W.2d 151, 153–54 (Iowa 1986). Goodson's claims focus on the extent of his trial counsel's preparation and choice of trial strategy. Although the State argues these claims may be disposed of in this appeal, we reserve these issues for postconviction relief proceedings, so that an adequate record may be developed and the attorney charged with rendering ineffective assistance may have an opportunity to respond to the claims. See State v. White, 337 N.W.2d 517, 519 (Iowa 1983).

**AFFIRMED.**