**STATE of Iowa, Appellee,**

v.

**Paul Joseph GREY, Appellant.**

No. 93–409.

Supreme Court of Iowa.

March 23, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kimberly Griffith, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

Paul Joseph Grey appeals from the fine imposed as part of his sentence. We affirm.

Pursuant to a plea agreement, Grey pleaded guilty to manufacturing marijuana, in violation of Iowa Code section 204.401(1)(d) (1991). Grey waived his right to file a motion in arrest of judgment and requested immediate sentencing. The court entered judgment and imposed a sentence of up to five years imprisonment and a $1000 fine.

Grey appeals solely on the issue of the fine. Section 204.401(1)(d) provides:

> [V]iolation of this subsection involving less than fifty kilograms of marijuana, is a class "D" felony, and in addition to the provisions of section 902.9, subsection 4, shall be punished by a fine of not less than one thousand dollars nor more than five thousand dollars.

Grey contends the district court abused its discretion by failing to consider suspending the fine.

Although all sentencing statutes provide a sentence "shall" be imposed, most statutes do not eliminate the authority given trial courts by Iowa Code chapter 907 to defer judgment, defer sentence, or suspend sentence. *State v. Chana,* 476 N.W.2d 38, 39–40 (Iowa 1991); *State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979); *State v. Robbins,* 257 N.W.2d 63, 70 (Iowa 1977); *see* Iowa Code §§ 901.5, 907.3 (1991).

In the instances in which this court has found a trial court's authority to choose from general sentencing options has been eliminated, the legislature has used express language. *E.g., State v. Goodson,* 503 N.W.2d 395, 398 (Iowa 1993) (Iowa Code § 204.-401(1)(e), "and no such judgment, sentence, or part thereof shall be deferred or suspended"); *State v. Davis,* 493 N.W.2d 820, 824 (Iowa 1992) (Iowa Code § 708.2A, "a person convicted of violating this section ... shall not be eligible for suspension of the minimum sentence"); *see also Chana,* 476 N.W.2d at 40 (listing examples of language the legislature has used to limit sentencing options). Thus, we have concluded "the legislature is capable of using restrictive language when it wants to." *Id.* at 39.

 Section 204.401(1)(d) states that a fine of not less than $1000 shall be imposed, thereby eliminating the sentencing court's power to impose no fine. *See* Iowa Code § 902.9(4) (class "D" felons in general are punishable by a fine between $0 and $7500). Establishing a minimum fine does not remove the court's authority to suspend the fine, however. Suspending a fine and imposing no fine are not equivalent: a suspended sentence is subject to later being executed if the defendant fails to comply with conditions set by the court. Iowa Code § 907.1(3).

We hold section 204.401(1)(d) does not eliminate the district court's authority to select a sentencing option available under chapter 907. Grey, however, is not entitled to relief. The district court exercised discretion in sentencing him. In selecting the sentence it did, the court considered Grey's prior record and the report of his pretrial release supervisor and decided not to suspend any portion of the sentence, including the fine. We find no abuse of discretion in the district court's decision not to suspend the fine imposed and affirm.

**AFFIRMED.**