STATE of Iowa, Appellee,

v.

William E. LEE, Sr., Appellant.

No. 96–645.

Supreme Court of Iowa.

March 26, 1997.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, William E. Davis, County Attorney, and Kelly G. Raines, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

Defendant, William E. Lee, Sr., appeals from his convictions for possession of marijuana with intent to deliver and possession of cocaine. He argues the sentencing court erroneously believed it had no discretion to suspend the fines and failed to exercise its discretion in imposing them. We vacate that portion of the sentences imposing the fines and remand for resentencing.

A jury found defendant guilty of possession of marijuana with the intent to deliver in violation of Iowa Code section 124.401(1)(d) (1995), and possession of cocaine in violation of section 124.401(3).[1] The district court im-

---

1. These statutes provide:

Violation of this subsection, with respect to any other controlled substances, counterfeit substances, or simulated controlled substances classified in schedule IV or V is an aggravated misdemeanor. However, violation of this subsection involving fifty kilograms or less of marijuana, is a class "D" felony, and in addition to the provisions of section 902.9, subsection 4, *shall be punished by a fine of not less than one thousand dollars nor more than five thousand dollars.*

Iowa Code § 124.401(1)(d) (emphasis added).

It is unlawful for any person knowingly or intentionally to possess a controlled substance.... Any person who violates this subsection is guilty of a serious misdemeanor. If the controlled substance is marijuana, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment. *All or any part of a sentence imposed pursuant to this section may be suspended* and the person placed upon probation upon such terms and conditions as the court may impose including the active participation by such person in a

posed an indeterminate five-year term of incarceration and a $1000 fine on the charge of possession with intent to deliver, and a one-year concurrent term of incarceration and a $250 fine on the possession charge. The court stated the $1000 fine was a "statutory required mandated fine" and the $250 fine was "a minimum statutory fine that must be imposed · by the Court." The court announced several reasons for its decision to impose terms of incarceration, including defendant's criminal record and prior incarceration, his need for rehabilitation, deterrence, and a structured life, and society's need for protection.

Defendant appeals. He concedes the court gave "thoughtful consideration" to the imposition of the terms of incarceration and challenges only the fines it imposed. He argues the court erroneously believed it did not have any discretion regarding the suspension of the fines. He contends that under *State v. Grey*, 514 N.W.2d 78 (Iowa 1994), the sentencing court had the authority to suspend the $1000 fine imposed pursuant to section 124.401(1)(d). He further contends the $250 fine imposed under section 124.401(3) is not a mandatory minimum fine and may also be suspended. He argues the specific language of section 124.401(3) allowing the suspension of a fine takes precedence over the general misdemeanor sentencing provisions of Iowa Code section 903.1, which would otherwise prohibit the suspension of a fine.[2]

### I. *Iowa Code § 124.401(1)(d)*.

█ We have previously held the language in section 124.401(1)(d) establishing a minimum fine does not remove the court's authority to suspend the fine. *Grey*, 514 N.W.2d at 79. The State concedes the applicability of *Grey* but argues the sentencing court otherwise exercised its discretion by considering various sentencing factors in im-

posing the fine. We disagree. The sentencing court's language suggests it erroneously believed it had to impose a "statutory required mandated fine" of at least $1000, and it did not exercise any discretion in imposing it. Where a court fails to exercise the discretion granted it by law because it erroneously believes it has no discretion, a remand for resentencing is required. *State v. Washington*, 356 N.W.2d 192, 197 (Iowa 1984). That portion of defendant's sentence imposing a $1000 fine should be vacated and the case remanded for resentencing. The resentencing should be limited only to the issue of the fine since defendant has not challenged the imposition of a term of incarceration. *See State v. Krivolavy*, 258 N.W.2d 157, 158 (Iowa 1977) (where sentence is severable court may remand only the invalid portion for resentencing).

### II. *Iowa Code § 124.401(3)*.

█ With respect to his possession of cocaine, a serious misdemeanor, defendant was sentenced pursuant to section 124.401(3) which specifically provides "[a]ll or any part of a sentence imposed pursuant to this section may be suspended...." This court has previously held a trial court's authority under section 907.3 to suspend a sentence includes the authority to suspend a fine. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). The State argues the court's authority to suspend a sentence under section 124.401(3) applies only in those cases where probation is a viable sentencing option. We disagree. The reference in section 124.401(3) to probation refers to the court's option of suspending a term of imprisonment, not to its authority to suspend a fine.

Section 124.401(3) addresses the punishment for offenses involving the possession of controlled substances, and it allows the sus-

---

drug treatment, rehabilitation or education program approved by the court.
Iowa Code § 124.401(3) (emphasis added).

**2.** Section 903.1 provides in relevant part:
If a person eighteen years of age or older is convicted of a simple or serious misdemeanor and a specific penalty is not provided for ... the court shall determine the sentence, and shall fix the period of confinement or the

amount of fine, *which fine shall not be suspended by the court*, within the following limits:
....
*b.* For a serious misdemeanor, there shall be a fine of at least two hundred fifty dollars but not to exceed one thousand five hundred dollars. In addition, the court may also order imprisonment not to exceed one year.
Iowa Code § 903.1(1)(b) (emphasis added).

pension of a fine. The specific language of this statute is controlling rather than the general misdemeanor sentencing provisions of section 903.1(1)(b). *See State v. Gobeli*, 342 N.W.2d 898, 899 (Iowa App.1983) (provisions of a specific statute control over those of a general statute).

It appears from a review of the sentencing transcript that the district court assumed it had no discretion with respect to the imposition of the $250 fine. That portion of the sentence imposing a $250 fine should be vacated and a remand ordered for resentencing on this issue.

We affirm the judgment and sentences imposed by the district court with the exception of the imposition of the fines. We vacate those portions of the sentences and remand for resentencing.

**SENTENCES AFFIRMED IN PART, VACATED IN PART AND REMANDED.**