# IN THE COURT OF APPEALS OF IOWA

No. 23-0911
Filed July 23, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACOB MONROE CULLUM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer (motion to suppress) and Karen Kaufman Salic (post-trial motions and sentencing), Judges.

Jacob Cullum appeals the denial of his motion to suppress, the denial of his motion for new trial, and his sentence. **CONVICTIONS CONDITIONALLY AFFIRMED; SENTENCES VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Alan R. Ostergren of Alan R. Ostergren, PC, Des Moines, by invitation of the court as amicus curiae for the district court judgment.

Considered without oral argument en banc.

**GREER, Judge.**

Jacob Cullum was charged with criminal mischief in the second degree, driving while barred, and felony eluding after he turned a would-be traffic stop into a high-speed chase. He moved to suppress evidence obtained after the traffic stop was attempted, arguing the officer who tried to pull him over did not have reasonable suspicion to make a legal traffic stop. The district court denied his suppression motion.

After a jury trial, Cullum was found guilty of all three charges. Cullum moved for a new trial on multiple grounds, arguing, among other points, that the jury's guilty verdicts were contrary to the weight of the evidence. The district court denied his new trial motion and sentenced Cullum to terms of incarceration not to exceed five years on the criminal-mischief charge, not to exceed two years on the driving-while-barred charge, and not to exceed five years on the eluding charge, with the sentences ordered to be served consecutively for a total indeterminate term not to exceed twelve years. The court also ordered Cullum to pay the minimum fines on the three charges totaling $2905.

Cullum appeals. He contends the district court wrongly (1) denied his motion to suppress, (2) denied his motion for new trial after applying the wrong standard, and (3) declined to suspend his fines.

We conditionally affirm his convictions. If, after applying the correct standard on the motion for new trial the district court finds the verdicts are not contrary to the weight of the evidence, the court must resentence Cullum as to the fines because it did not consider suspending Cullum's fines.

I.      **Motion to Suppress Evidence**

First we address the motion-to-suppress challenge, as it would require a new trial if decided as Cullum advocates. Because Cullum is making a claim based on federal and state constitutional grounds, our review is de novo. *See State v. Arrieta*, 998 N.W.2d 617, 620 (Iowa 2023). We conduct "an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* (quoting *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011)). We defer to the district court's fact findings, but we are not bound by them. *Id.*

From the evidence presented at the suppression hearing and trial, *see State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998) ("In reviewing the district court's ruling on [a] motion to suppress, we consider both the evidence presented during the suppression hearing and that introduced at trial."), the charges against Cullum stem from an attempted traffic stop that occurred around 2:00 a.m. in Mason City on December 29, 2022. At that time, a Mason City police officer noticed a vehicle parked on the street with its engine running. The officer testified that he could not see a driver but ran the vehicle's plates through dispatch and discovered the registered owner of the vehicle was a woman whose license was suspended.

To further investigate, the officer drove past the vehicle again but could not observe any distinguishing features of the driver, as the officer could not see through the vehicle's windows—the vehicle's interior lights were not on, and the roadway was dark. Not long after driving by the vehicle, the officer saw the vehicle being driven down the street. At this point, the officer activated his emergency lights to initiate a traffic stop to investigate whether the driver was the owner of the vehicle with a suspended driver's license. As the vehicle continued down the

street, the officer still could not see identifying features of the driver. Although the vehicle initially slowed in response to the officer activating emergency lights, the vehicle then sped off, leading the initial officer and others called to the scene on a high-speed chase. The chase ended when the driver led several officers into a field where the vehicle became stuck in a snowbank. Officers found Cullum in the driver's seat of the stuck vehicle.

Cullum testified at the suppression hearing that before the initial officer tried to stop the vehicle, he was parked in a well-lit area and with the vehicle's interior lights on. According to Cullum, that same officer drove past the car twice and had ample ability and opportunity to see that the driver of the vehicle was not a woman. So as to this point, now on appeal, Cullum argues the district court wrongly denied his motion to suppress because the officer knew when initiating the traffic stop that the driver of the vehicle was a male and thus not the female owner with a suspended license. *See State v. Coleman*, 890 N.W.2d 284, 288, 299–301 (Iowa 2017) (holding reasonable suspicion to stop a vehicle based on the registered owner having a suspended license ends when the officer discovers the driver's characteristics do not match those of the registered owner). He contends that because the stop lacked reasonable suspicion, all evidence obtained after the attempted stop should be suppressed as the fruit of an unlawful seizure.

The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government. *State v. Sallis*, 981 N.W.2d 336, 344 (Iowa 2022). The two provisions are nearly identical, and our supreme court has generally interpreted article I, section 8 of the Iowa Constitution to track with the Fourth Amendment of

the United States Constitution. *State v. Brown*, 930 N.W.2d 840, 847 (Iowa 2019). Cullum has not suggested we interpret the Iowa Constitution's search and seizure provisions "differently from its federal constitutional counterpart, [so] we will apply the general standards as outlined by the United States Supreme Court for addressing a search and seizure challenge under the Iowa Constitution." *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013).

Officers may make a brief stop without a warrant for investigatory purposes if they have "a reasonable suspicion that a criminal act has occurred or is occurring." *State v. Baker*, 925 N.W.2d 602, 610 (Iowa 2019). The State must show "the officer had specific and articulable facts that, taken together with rational inferences from those facts, would lead the officer to reasonably believe criminal activity is afoot." *State v. Vance*, 790 N.W.2d 775, 781 (Iowa 2010). If a traffic stop is made without reasonable suspicion or probable cause, evidence uncovered during the stop must be suppressed. *Id.* But as here, an officer has reasonable suspicion sufficient to initiate an investigatory traffic stop upon learning that the registered owner's license is suspended. *Id.* ("[A]n officer has reasonable suspicion to initiate an investigatory stop of a vehicle to investigate whether the driver has a valid driver's license when the officer knows the registered owner of the vehicle has a suspended license, and the officer is unaware of any evidence or circumstances indicating the registered owner is not the driver of the vehicle."). Still if the officer can see that the driver is not the vehicle's registered owner, that reasonable suspicion is dispelled. *State v. Haas*, 930 N.W.2d 699, 702 (Iowa 2019).

Cullum argues the initial officer knew the driver was not the registered owner because the owner was a woman, and the officer could see Cullum—a man—in the car before initiating the stop. There was conflicting evidence at the suppression hearing related to what the officer observed. On one hand, the officer testified he could not observe any identifying characteristics of the driver before initiating the traffic stop, so he had no reason to believe the driver was not the owner. On the other, Cullum testified that the lighting conditions were such that the officer could have seen that the driver was not female. Further, Cullum testified that he made eye contact with the officer who passed by the vehicle before the traffic stop was initiated.

After hearing this conflicting evidence, the district court concluded the officer "did not know the sex or the identity of the driver at the time he initiated the traffic stop." This is an implicit credibility finding in favor of the officer, to which we give weight even with de novo review. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). The officer rebutted Cullum's testimony about lighting conditions and denied making eye contact, suggesting instead that it was likely that another officer on patrol that night drove past Cullum between the time the first officer originally saw the vehicle and when the stop was later initiated. Giving suitable deference to the district court's credibility finding along with the totality of the circumstances presented, the evidence does not support the claim that the first officer could identify the features of the driver before initiating the traffic stop. Because that officer had no reason to believe the driver was not the registered owner, the officer had reasonable suspicion to initiate the traffic stop.

We further note that, even if the basis for the traffic stop had been unlawful, Cullum's flight from law enforcement provided probable cause that he committed a new crime, which implicates the "new crimes" exception to the exclusionary rule. *See State v. Dawdy*, 533 N.W.2d 551, 555–56 (Iowa 1995) ("Even though an initial arrest is unlawful, a defendant has no right to resist the arrest. If the defendant does so, probable cause exists for a second arrest for resisting. A search incident to the second arrest is lawful."). Cullum had no right to flee from law enforcement even if the initial attempt to seize him by way of a traffic stop had been unlawful. Accordingly, we affirm the district court's denial of Cullum's motion to suppress.

## II.     Motion for New Trial

Cullum next argues the district court erred by not granting a new trial because it applied the wrong standard to the review of his claim that the guilty verdicts were contrary to the weight of the evidence. We review rulings on motions for new trial for correction of legal error when there is a claim that the district court applied the wrong standard. *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018).

To review a motion for a new trial, district courts must judge whether "the verdict is contrary to law or evidence." Iowa R. Crim. P. 2.24(2)(b)(6) (2023). "A verdict is contrary to the weight of the evidence only when a greater amount of credible evidence supports one side of an issue or cause than the other." *Wickes*, 910 N.W.2d at 570 (cleaned up). The appropriate standard is "whether a greater amount of credible evidence suggests the verdict rendered was a miscarriage of justice." *Id.* (cleaned up). Judges must assess the credibility of witnesses and make their own determinations about what weight to give different pieces of evidence. *See id.* at 570–71.

In deciding Cullum's motion, the district court said:

> With respect to whether the verdict was supported by the weight of the evidence, that's really the only remaining issue that can be addressed here. I understand the defendant's argument that, you know, the claim there wasn't a positive identification of him as the driver, the trial evidence was not consistent with that. [The first officer] had testified to, again the record will show this better, that before he initiated the stop, he had not seen the driver, but when the driver was backing into his patrol vehicle, he was able to see that the driver was male and then had identified the defendant. There's obviously circumstantial evidence of him operating based on being found driving the vehicle while they were in the field. *The jury makes those inferences and those determinations, and they simply just didn't believe the defendant's argument, and that's not weight of the evidence issue, that's what the jurors found and that's their role*.

(Emphasis added.) The State does not contest error preservation and concedes that the district court applied the wrong standard. We agree that the court's ruling shows the court applied the wrong standard by deferring to the jury's factual assessment instead of weighing the evidence itself. As a result, we conditionally affirm Cullum's convictions but reverse that part of the district court's ruling on the new trial motion addressing the claim that the verdicts were contrary to the weight of the evidence and remand for application of the correct standard. *See State v. Ary*, 877 N.W.2d 686, 707 (Iowa 2016).

## III.     Sentencing Challenge

For his final challenge, Cullum argues the district court abused its discretion when it chose not to suspend the fines imposed. We review sentencing challenges for abuse of discretion. *State v. Davison*, 973 N.W.2d 276, 280 (Iowa 2022). An abuse of discretion occurs when the grounds for the sentence are either clearly untenable or unreasonable. *State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). And "when the sentencing court fails to exercise discretion because it 'was

unaware that it had discretion,' we typically vacate and remand for resentencing." *State v. Hess*, 983 N.W.2d 279, 284 (Iowa 2022) (citation omitted). Here, because the district court determined that it could not suspend the fines associated with the sentence, it abused its discretion.

At the sentencing hearing, neither party advocated for imposing fines if Cullum was incarcerated, and incarceration was imposed as part of the sentencing decision. Yet when addressing the fine, the district court stated, "I'm not suspending the fines. The suspension of any portion of the sentence is only appropriate when a person is placed on probation, and since the defendant is not being placed on probation, they are not suspended." Cullum argues this statement demonstrates either a fixed sentencing policy or a misunderstanding of the law. Either would be an abuse of discretion. *State v. Hildebrand*, 280 N.W.2d 393, 396–97 (Iowa 1979) (holding a sentencing court is not permitted to select only one circumstance to trigger a fixed sentencing policy); *State v. Ayers*, 590 N.W.2d 25, 32 (Iowa 1999) ("[I]f a court is unaware that it has discretion, we can hardly say it exercised discretion."). The State disagrees that the statement shows a fixed sentencing policy. But it concedes that the district court misunderstood the law and agrees with Cullum that a remand is required to resentence Cullum based upon that misunderstanding. To aid us in fully addressing the underlying issue of the court's discretion regarding the fine, our court requested additional briefing, including the help of court-requested amicus curiae briefing to specifically advocate for the district court's position.

Our core question is whether a district court has the flexibility to impose a term of incarceration and suspend the fines. First, unlike the dissent, we do not

agree that our sentencing scheme is so strict as to not allow a suspension of a fine when the defendant is sentenced to incarceration instead of probation. On the practical side, the defendant has less chance of paying a fine from a prison cell than if they are operating under a probationary sentence. As both Cullum and the State advocate, we conclude the district court has the option to suspend the fine of a defendant sentenced to a term of imprisonment. So the district court was incorrect when it found it did not have that discretion to do so.

Our body of case law addresses situations where sentences, like we find here, are confirmed with approval. There have been many sentencing challenges reviewed by our supreme court where the defendant was ordered to serve a prison term where fines are suspended without the court finding error and reversing that part of the sentence.[1] *See, e.g.*, *State v. Chawech*, 15 N.W.3d 78, 82 (Iowa 2024) (affirming a sentence to ten years in prison on each felony, with a five-year mandatory minimum but suspending the fines, ignoring the dissent in the court of appeals decision that argued there was no authority to suspend the fines); *State v. McCalley*, 972 N.W.2d 672, 676, 680 (Iowa 2022) (affirming six-day jail sentence with suspended fines), *State v. Rodriguez*, 804 N.W.2d 844, 848, 854 (Iowa 2011) (affirming part of sentence that included a ten-year prison term and suspended fine); *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995) ("The trial court has authority to defer judgment, defer sentence, or suspend sentence. This authority includes

---

[1] We recognize that the supreme court was not explicitly asked to decide whether the sentencing court could impose a carceral term and suspend the fine in these cases. Yet the supreme court affirmed this portion of the sentences. So we can infer the supreme court did not conclude the district court acted illegally when suspending the fine while imposing incarceration.

the authority to defer or suspend a fine." (citation omitted)), *see also State v. Nagle*, No. 18-0648, 2019 WL 2373604, at *2 (Iowa Ct. App. June 5, 2019) (concluding the district court had discretion to suspend fine while imposing a prison sentence). In *State v. Duffield*, 16 N.W.3d 298, 304 (Iowa 2025), our supreme court considered on further review a case that involved a sentencing court's discretion and the requirements upon remand. Although the defendant was sentenced to incarceration for a term of two years, the court confirmed that: "The district court had the discretion to determine the amount of the fine. [Iowa Code] § 903.1(2). The district court had the discretion to suspend the fine. *Id.* § 907.3(3)." *Id.* The *Duffield* court flagged the partial dissent in *State v. Laue*, No. 23-0208, 2023 WL 8448475, at *2–4 (Iowa Ct. App. Dec. 6, 2023), in which one judge asserted that "the authority to suspend part of a sentence comes with the obligation to place the defendant on probation," without affirming its path. We find that silence significant. Given the aforementioned supreme court precedent, if any Iowa court is to decide the district court is without the authority to suspend fines while imposing incarceration, we believe it must be our supreme court. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

General sentencing provisions must be applied by the district court unless a specific statute says otherwise. *State v. Klein*, 574 N.W.2d 347, 348–49 (Iowa 1998) (vacating sentence after the sentencing court incorrectly determined it had no discretion to suspend the fine because the charging statute did not contain a specific prohibition against suspending the fine). In *Klein*, the key question was whether a specific statute addressed the right of the court to suspend the fine under

section 901.5(3).[2]  574 N.W.2d at 348–49.  Iowa Code section 901.5(3) (2022) provides: "The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907."

In *Ayers*, the question posed was if a sentencing court had discretion to suspend the fine after sentencing the defendant to a prison term involving an aggravated misdemeanor conviction.  590 N.W.2d at 29.  After noting that the general sentencing provision relating to aggravated misdemeanors stated that "there shall be a fine of at least five hundred dollars but not to exceed five thousand dollars," the *Ayers* court found that "[n]otwithstanding the mandatory character of this language [concerning the imposition of the fine]," because section 901.5 authorized a trial judge to suspend a sentence, the court had discretion to do so. *Id.* at 29–30.  Our supreme court concluded there was a longstanding history supporting this premise and relied upon several cases, including *State v. Chana*, 476 N.W.2d 38 (Iowa 1991), *State v. Grey*, 514 N.W.2d 78 (Iowa 1994), and *State v. Lee*, 561 N.W.2d 353 (Iowa 1997).  All of those earlier cases allowed suspension of the fine even though the sentencing statute indicated the fine "shall" be imposed. Instead, the cases followed the track that when the legislature wanted to eliminate a general sentencing option it has used express limiting language.  *See Grey*, 514 N.W.2d at 79 (providing examples of limiting language and concluding that "the legislature is capable of using restrictive language when it wants to" (citation omitted)).

---

[2] The *Klein* court was considering the 1995 Iowa Code, but the language of section 901.5(3) remains the same.

Contrary to the amicus briefing but in line with the parties in the case, we find *Ayers* applicable to the suspended fine issue. To begin, we examine the language of section 902.9(5), which pertains to the sentencing provisions for a class "D" felony: "A class 'D' felon, not an habitual offender, shall be confined for no more than five years, and in addition *shall* be sentenced to a fine of at least one thousand twenty-five dollars but not more than ten thousand two hundred forty-five dollars." (Emphasis added.) The amicus notes after *Ayers* was decided, the legislature changed the word "may" in the sentencing provisions for class "C" and "D" felonies to "shall." *See* 1999 Iowa Acts ch. 65, §§ 6, 7. So, it argues *Ayers* no longer controls our analysis. Further, the amicus cites an unpublished case from our court to argue that "a fine is no longer merely permissible, but required." *State v. Schauf*, No. 11-1049, 2012 WL 1860902, at *2 (Iowa Ct. App. May 23, 2012) (citing 1999 Iowa Acts ch. 65, §§ 6, 7). But in *Schauf*, the panel said the language "arguably" did not preclude suspending those fines. *Id.* ("While the sentencing court arguably retained the power to suspend those fines, '[s]uspending a fine and imposing no fine are not equivalent.'" (citation omitted)).

Based on the application of *Ayers*, we conclude that in the absence of express language eliminating the sentencing court's authority to suspend a fine, the court retains the option to do so. *See* 590 N.W.2d at 31 ("Missing from section 903.1(2) is express language eliminating the sentencing courts authority to suspend a fine. Following the rationale of the foregoing authorities, we conclude absence of such language means the legislature did not intend to eliminate the sentencing option of suspending the fine.").

In *Chana*, on the issue of whether a sentencing court is authorized to suspend a fine, the supreme court clarified:

>     Our deference to legislative expression logically applies to fines as well as incarceration. A sentence is generally defined as any punishment imposed by the court; it is not limited to a term of incarceration. Iowa Code section 901.5(3), which authorizes a court to impose a fine, term of confinement, or both, specifically permits the sentencing court to suspend the execution of the sentence "or any part of it." *Thus we conclude the legislature's failure to expressly limit sentencing options* for first-offense OWI *applies to all components of the sentence, including the fine*.

476 N.W.2d at 40 (emphasis added) (internal citation omitted). Likewise, in *Grey*, the supreme court confirmed this flexibility in the sentencing process:

>     In the instances in which this court has found a trial court's authority to choose from general sentencing options has been eliminated, the legislature has used express language. *E.g., State v. Goodson*, 503 N.W.2d 395, 398 (Iowa 1993) (Iowa Code § 204.401(1)(e), "and no such judgment, sentence, or part thereof shall be deferred or suspended"); *State v. Davis,* 493 N.W.2d 820, 824 (Iowa 1992) (Iowa Code § 708.2A, "a person convicted of violating this section . . . shall not be eligible for suspension of the minimum sentence"); *see also Chana,* 476 N.W.2d at 40 (listing examples of language the legislature has used to limit sentencing options). Thus, we have concluded "the legislature is capable of using restrictive language when it wants to." [*Chana*, 476 N.W.2d at 39].

514 N.W.2d at 79.

Finally in *Lee*, the State argued that the court only could suspend a sentence in cases where probation is a viable sentencing option. 561 N.W.2d at 354. Our supreme court concluded the authority of the court to suspend a sentence under section 907.3 includes the authority to suspend a fine; rejecting the State's argument that it could only do so in those cases where probation is a viable sentencing option. *Id.*; *see also State v. Long*, No. 05-1550, 2006 WL 2422821, at *2 (Iowa Ct. App. Aug 23, 2006) (addressing similar arguments as

*Lee*). Besides supreme court precedent, we also have precedent from our court in which we held the sentencing court should have exercised its discretion over whether to impose or suspend a fine after sentencing the defendant to prison for a felony charge. *See State v. Sandifer*, 570 N.W.2d 256, 257–58 (Iowa Ct. App. 1997).

The amicus contends that section 907.3(3) as a specific statute "withholds the general sentencing authority" of 909.2. *See State v. Iowa Dist. Ct.*, 989 N.W.2d 652, 655 (Iowa 2023).[3] Section 909.2 provides that a court "may impose a fine in addition to confinement, where such is authorized." But *State v. Iowa Dist. Ct.* related to the specific sentencing scheme in Iowa Code section 124.401(5)(f), and no such specific sentencing scheme applies here to foreclose the district court's option to suspend the fine. 989 N.W.2d at 655. And we agree with Cullum's reasoning in his reply brief:

> General sentencing provisions must be read in pari materia with other sentencing provisions. When reviewing these statutes, the court must assume the legislature "strives to create a symmetrical and harmonious system of laws."
> The Legislature did not mandate sentencing courts to place a defendant on probation in order to suspend a sentence in whole or in part. Iowa Code section 901.5(3) empowers a court to impose a sentence of confinement or fine, or both, and to suspend execution of any part of the sentence in accordance with chapter 907. Chapter 907 addresses deferred judgements, deferred sentences, and suspended sentences.
> . . . .
> The legislature indicates when a court is required to act in a certain way through the use of the words "shall" and "must." When the legislature allows a court to utilize its discretion, the legislature utilizes the word "may." When reviewing [section] 907.3(3) with this framework in mind, the legislature has given the court discretion to

---

[3] We agree that section 907.3(3) is not a model of clarity and would benefit from a statutory upgrade.

suspend the sentence in whole or in part and does not mandate probation.

The legislature indicated "the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require." The only time the word "shall" is used in [section] 907.3(3) is to designate when a suspended sentence "shall not" be imposed followed by a list. The term "must" is not used in section 907.3(3).

This language indicates the court has the discretion to suspend a sentence and then has the discretion to place whatever terms and conditions to best meet the rehabilitative needs for that particular defendant while also ensuring the safety of the community.

(Internal citations omitted.)

Turning to this case, Cullum was convicted of two class "D" felonies and one aggravated misdemeanor, and the district court sentenced him to prison terms on each count with the sentences running consecutively, for a total term not to exceed twelve years. Here, as to the crimes for which Cullum was convicted, while there were fines to be imposed, nothing in the statutes related to the charges explicitly restricted the sentencing court from suspending them. The sentencing court refused to suspend the fines associated with the charges because it believed that if Cullum was going to prison the fines could not be suspended. When there is a misunderstanding about a sentencing option, prudence dictates that the sentence should be vacated and remanded for resentencing. *Davison*, 973 N.W.2d at 289 ("[W]hen the sentencing court fails to exercise discretion because it 'was unaware that it had discretion,' we typically vacate and remand for resentencing." (citation omitted)).

The position of the parties related to the suspension of the fines makes sense. The directive to sentencing courts is to determine which sentencing option "is authorized by law for the offense" and "which of [the sentencing options] or

which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. Section 901.5(3) provides that a sentencing court *may* impose a sentence of confinement or fine, or both, and *suspend execution of any part of the sentence* in accordance with chapter 907. And even section 901.5(4) directs that the "court *may* pronounce judgment and impose a fine or sentence the defendant to confinement, *or both*," which presumes that the sentencing court can determine if a fine would be appropriate depending on the facts of a given case. (Emphasis added.) All of which suggests that the legislature intended that the sentencing court have discretion to craft sentences that make sense. "Although all sentencing statutes provide a sentence 'shall' be imposed, most statutes do not eliminate the authority given trial courts by Iowa Code chapter 907 to defer judgment, defer sentence, or suspend sentence." *Grey*, 514 N.W.2d at 79.

Thus, finding no express restrictions in the statutory scheme, we hold that the sentencing court had discretion to suspend the fines related to Cullum's charges and, because of the court's mistaken belief it did not have the option, remand for resentencing as to the fines. *See Davison*, 973 N.W.2d at 289.

## IV. Conclusion

Because the officer who initiated the traffic stop had no reason to believe the driver of the vehicle was not the registered owner and the officer had a reasonable belief the owner's driver's license was suspended, the officer had reasonable suspicion to justify a traffic stop. Therefore, we affirm the district court's order denying Cullum's motion to suppress.

Because the district court applied the wrong standard when deciding the motion for new trial, we conditionally affirm Cullum's convictions and remand for application of the correct weight-of-the-evidence standard. But, if the motion for new trial is granted, Cullum's convictions are vacated, he is to receive a new trial, and his sentencing issues are moot.

However, if the district court denies Cullum's motion for new trial, then the court must resentence him to consider only whether to impose or suspend the fines.

**CONVICTIONS CONDITIONALLY AFFIRMED; SENTENCES VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**

All judges concur except Buller, J., who specially concurs; Langholz, J., who specially concurs; and Ahlers, J., who dissents in part and concurs in part, in which Tabor, C.J., and Sandy, J., join.

**BULLER, Judge** (specially concurring).

It's rare a majority and dissenting opinion pull me in two directions at once. I agree with the majority on the practical realities of criminal sentencing and that it seems our supreme court has impliedly blessed suspending fines absent probation. But I also find the dissent's textual analysis somewhat persuasive, as text is our touchstone in analyzing a statute. And I commend the amicus briefing for placing the district court's ruling in a broader statutory context. Faced with a tough choice, I concur in the judgment to vacate the fine, finding myself in part boxed in by existing supreme court precedent. Since the competing arguments are well-stated in the respective opinions, I'll leave it at that.

But the heart of my concern in this case is really captured by footnote three of the majority, which observes "that section 907.3(3) [2023] is not a model of clarity and would benefit from a statutory upgrade." It seems to me the practical approach in this state for decades has been that most prosecutors, defense attorneys, and district courts treat fines as suspendable and functionally waived for most lengthy prison sentences. I understand the practical reason why: an offender incarcerated for decades is unlikely to make meaningful payments—and for offenders with income, the General Assembly has sensibly decreed that financially harmed crime victims should be made whole with pecuniary-damages restitution before the state's coffers are paid fines. Iowa Code § 910.(2)(1)(c) (2022). But, despite case law presuming or impliedly holding that suspended fines are permitted without probation, the statute remains ambiguous. I would encourage the elected branches across the street to see the division in this case as an opportunity to clarify our sentencing statutes, whether they agree with this

decision or not, and spell out whether they intend suspended or waived fines for lengthy sentences of incarceration.

**LANGHOLZ, Judge** (specially concurring).

As a matter of first principles of statutory interpretation, I agree 100% with the partial dissent's thoughtful textual analysis of our sentencing statutes. I see nothing in the words of the Iowa Code that gives a district court the power to essentially waive a fine by suspending it without also putting a defendant on probation. And thus it is understandable that the district court would constrain itself to impose only a sentence that those words allow. But even so, I reluctantly concur in the judgment to vacate the fine and remand for resentencing because we do not get to follow those first principles when our supreme court has already rejected that precise interpretation in a materially identical statute.

Almost thirty years ago, the State defended a district court's ruling that it lacked discretion to suspend a fine for a drug conviction by arguing that the statute there authorized suspending the fine "only in those cases where probation is a viable sentencing option."[4] *State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997). While that drug offense was governed by a specific sentencing statute rather than the general one at issue here, the text of each is materially identical. *Compare* Iowa Code § 124.401(3) (1995) ("All or any part of a sentence imposed pursuant to this section may be suspended and the person placed upon probation upon such terms and conditions as the court may impose . . . ."), *with id.* § 907.3(3) (2022) ("[T]he court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require . . . ."). And the State's textual argument in

---

[4] We do not have the benefit of the State's adversarial briefing here because it chose not to defend the district court's sentencing ruling. And after we invited and received the helpful briefing of amicus curiae for the district court judgment, the State chose not to accept our invitation to provide responsive briefing.

*Lee* was the same reasoning relied on by the district court and lies at the core the partial dissent's logic.

But the supreme court succinctly rejected the argument, stating in full: "We disagree. The reference in section 124.401(3) to probation refers to the court's option of suspending a term of imprisonment, not to its authority to suspend a fine." *Lee*, 561 N.W.2d at 354. I do not find this reasoning convincing. I see no basis in the text to splice the requirement to place a defendant on probation in that manner unless "sentence" only refers to a prison sentence—not a fine. But then, there'd be no authority to suspend a fine at all. And the supreme court has already rejected that reading of "sentence" too. *See State v. Chana*, 476 N.W.2d 38, 40 (Iowa 1991). The single line of reasoning also fails to wrestle with how a suspended fine could ever be revoked and executed without placing the defendant on probation.

So if *Lee* were a published decision of our court, I would not be inclined to give it much stare decisis respect. But since it is a decision of the supreme court, none of these misgivings affect how we must decide this case. We—like the district court—are "inferior to the supreme court." Iowa Const. art. V, § 1. And just as the judiciary is constitutionally bound to interpret and apply the laws enacted by the other branches, inferior courts are constitutionally bound to follow the supreme court's precedents—whether we think they are correct or not. *Cf.* Bryan A. Garner et al., *The Law of Judicial Precedent* 28 (2016) (explaining that "[t]he power of vertical precedents in the federal courts is rooted in" Article III, section 1 of the U.S. Constitution because it makes circuit and trial courts "'inferior' to the Supeme

Court" so they "must strictly adhere to the Supreme Court's decisions"); *see also State v. Laub*, 2 N.W.3d 821, 828 (Iowa 2024).

It matters not that *Lee* involved a different statute. The terms of each statute—both governing the district court's authority to suspend a sentence—are materially identical without any textual or contextual basis for interpreting them differently. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 39, at 252–55 (2012) ("Statutes *in pari materia* are to be interpreted together, as though they were one law."); *Tiano v. Palmer*, 621 N.W.2d 420, 423 (Iowa 2001) ("When the same word or term is used in different statutory sections that are similar in purpose, they will be given a consistent meaning."). Neither can we dismiss the *Lee* holding as mere dicta—it was the essential rationale for the supreme court's reversal of the district court's ruling that it lacked authority to suspend the fine. *Compare State v. Foster*, 356 N.W.2d 548, 550 (Iowa 1984), *with State v. Brookhart*, 84 N.W. 1064, 1066 (Iowa 1901). For the same reason, we cannot say we are deciding an issue not considered by the supreme court in *Lee*—the court expressly considered and rejected the very reasoning we would need to rely on to affirm here. *See Brookhart*, 84 N.W. at 1066. At bottom, I see no way to adopt the partial dissent's interpretation without overruling *Lee*. And that we cannot do. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) (reasoning that inferior courts "are under a duty to follow [the law] as expressed by the courts of last resort, as they understand it, even though they may disagree" and noting that "[i]f our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves").

Faithfully applying supreme court precedent—just as we expect district courts to do—I see no choice but to hold that the district court had the authority to suspend the fine even when deciding not to place Jacob Cullum on probation. And because the court thought it did not have that authority, I concur in our judgment to vacate the fine and remand for resentencing on that issue. I fully join the court's opinion on Cullum's other claims of error.

**AHLERS, Judge** (concurring in part and dissenting in part).

I concur with the majority's decision relating to the suppression motion and motion for new trial. But I dissent from the decision to vacate Jacob Cullum's sentence.

My disagreement with the majority's decision starts with its statement of the issue. In my view, the majority misinterprets it. The majority asserts that the "core question" is whether the sentencing court is permitted to suspend a fine if it imposes a term of incarceration. It also asserts that "[t]he sentencing court refused to suspend the fines associated with the charges because it believed that if Cullum was going to prison, the fine could not be suspended." The problem is that this isn't the issue, and that's not what the district court based its decision on. So the majority devotes its entire opinion on this topic refuting a position that no one is taking.[5] In my view, the "core question" is whether suspending the fines carries with it the obligation to place Cullum on probation.

The district court never said it was not permitted to suspend the fine because it sent Cullum to prison. To the contrary, it acknowledged it could suspend the fines (even though it had ordered Cullum to prison), but to do so, it noted it would have to place Cullum on probation. And, since it determined that probation was not appropriate, it refused to suspend the fines.[6] The decision not

---

[5] The majority relies heavily on *State v. Ayers* in reaching its conclusion. 590 N.W.2d 25 (Iowa 1999). In doing so, it focuses on the conclusion in *Ayers* that the sentencing court has discretion to suspend a fine. *See id.* at 29. But this reliance on *Ayers* is misplaced. No one is claiming the district court did not have the authority to suspend the fines. The district court expressly noted it had the authority to suspend the fines, so *Ayers* is not applicable.

[6] The district court stated, "I'm not suspending the fines. The suspension of *any portion of the sentence* is only appropriate when a person is placed on probation,

to suspend the fines had nothing to do with the incarceration decision, nor did it have to be, as the court had the authority to suspend any part of the sentence— meaning it could suspend only the term of incarceration, suspend only the fines, suspend both, or suspend neither.  *See* Iowa Code § 901.5(3) (2022) (giving the court authority to "suspend the execution of the sentence *or any part of it*" (emphasis added)).  Because the district court's decision not to suspend the fines once the court decided not to place Cullum on probation was not a choice but a legal requirement, the sentence should be affirmed.

A district court's sentencing discretion is limited to sentences authorized by statute.  *See State v. Manser*, 626 N.W.2d 872, 875 (Iowa Ct. App. 2001); *see also State v. Wieneke*, No. 20-0126, 2021 WL 219222, at *1 (Iowa Ct. App. Jan. 22, 2021) ("Sentencing is wholly a creature of statute.").  Because this sentencing issue is one of statutory construction, I will walk through what I believe to be the controlling statutes.

I begin with Iowa Code section 901.5.  It provides the district court the general authority and obligation to impose a criminal sentence.  That section provides a variety of sentencing options.  The option at issue here is found in section 901.5(3), which gives the sentencing court the authority to impose a fine, a term of incarceration, or both, and then "suspend the execution of the sentence or any part of it as provided in chapter 907."

So, the next step in the analytical chain is to look at chapter 907.  The key section is section 907.3, which lays out the various sentencing options.

_____

and since the defendant is not being placed on probation, they are not suspended." (Emphasis added.)

Section 907.3(3) deals with suspending any part of the sentence. Section 907.3(3) tells us "the court may suspend the sentence *and place the defendant on probation upon such terms and conditions as it may require*." (Emphasis added.) As the emphasized passage points out, the authority to suspend part of a sentence comes with the obligation to place the defendant on probation. Therefore, contrary to the majority's conclusion, if the court wanted to suspend the fines, it was obligated to "place the defendant on probation." *See* Iowa Code § 907.3(3). In my view, the district court's comment that it could not suspend the fines without placing Cullum on probation was a recognition of the constraints imposed by section 907.3(3).

But section 907.3(3) is not the only part of chapter 907 that supports the conclusion that probation is required if the court decides to suspend any part of a sentence. Section 907.1(4) defines "suspended sentence" to mean "a sentencing option whereby the court pronounces judgment and imposes a sentence and then suspends execution of the sentence *subject to the defendant's compliance with conditions set by the court as a requirement of the suspended sentence*." (Emphasis added.) Doing what the majority suggests—suspending the fines without placing Cullum on probation—would not result in a "suspended sentence" because the suspension of the execution of the fine part of the sentence would not be "subject to the defendant's compliance with conditions set by the court as a requirement of the suspended sentence." *See id.* § 907.1(4).

And if the plain language of the statute is not enough, there is also case law. Our case law directs that "if a district court pursues a sentencing option under section 907.3[,] it must place the defendant on probation under the form of supervision specified in the statute." *State v. Thomas*, 659 N.W.2d 217, 222 (Iowa

2003). So, to suspend Cullum's fine, the district court would be required to place Cullum on probation—an outcome the district court found was not appropriate.

I also find the argument unpersuasive that the word "may" in section 907.3(3) somehow makes probation optional. While it is true that the word "may" in section 907.3(3) arguably could be read as a series qualifier—in other words, the statute could be understood to mean that the court may suspend the sentence and the court may place the defendant on probation. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147 ("When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series."). But reading "may" this way leads to what is in practice an illegal sentence. *See State v. Dann*, 591 N.W.2d 635, 638 (Iowa 1999) ("[I]n construing a statute, the court must . . . seek to harmonize the statute, if possible, with other statutes on the same subject matter."). If the court were to suspend the fines without placing Cullum on probation, there is no future event that could trigger Cullum's obligation to pay the suspended fines. With no circumstance under which Cullum could become obligated to pay the fines, the fines would be suspended in name only, running afoul of the very definition of a suspended sentence. *See* Iowa Code § 907.1(4) (defining "suspended sentence"). For this reason, the "may" in section 907.3(3) must refer only to the court's decision whether to suspend any part of the sentence. In other words, the court has discretion to suspend or not suspend any part of the sentence, but if it chooses to suspend any part of it, the

probation requirement goes with it.[7]

All this leads to identifying a fundamental flaw for which the majority provides no solution. Fines are a mandatory part of the sentence here. *See* Iowa Code §§ 902.9(1)(e); 903.1(2) (requiring imposition of a fine for class "D" felonies

---

[7] In response to Judge Langholz's special concurrence, I acknowledge that the language in Iowa Code section 124.401(4) (1995)—the statute interpreted in *State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997)—is very similar to the statute at issue here, namely Iowa Code section 907.3(3) (2022). So Judge Langholz's reasoning does give me some pause. But ultimately I am not persuaded that we are bound by *Lee* here. First, section 907.3(3) is the only statutory provision authorizing suspension of a fine in this case. So, if *Lee* means that section 907.3(3) and its probation language only applies if a term of incarceration (rather than a fine) is suspended, then section 907.3(3) can't apply to suspending a fine, and there is no provision left that authorizes such suspension. But we know fines can be suspended. *See State v. Chana*, 476 N.W.2d 38, 40 (Iowa 1991). So, there is no logical way to apply *Lee* here without running afoul of *Chana*. Second, though the statutes at issue are very similar, the fact remains they are different statutes, so I don't believe *Lee* binds us. *See State v. Freeman*, 705 N.W.2d 286, 292 (Iowa 2005) (Carter, J., dissenting) (noting that the statute being interpreted is different than the statute being interpreted in the case law claimed to be precedential and concluding the precedent only applies "by way of analogy" so "[s]tare decisis should not force us to invoke by analogy flawed interpretations of other statutes not now before us"). Third, I am not convinced that the similarity between the statute in *Lee* (a specific provision in Iowa Code chapter 124) and the statute here (a general provision in chapter 907) means they must be interpreted similarly, as our supreme court has not always treated provisions in chapter 124 the same way as general sentencing provisions, even when the provisions are similar. In *State v. Rodgers*—a case decided the same day as *Lee*—our supreme court determined that even though a sentencing provision in Iowa Code section 124.411(1) ("a period not to exceed three times the term otherwise authorized") was "quite similar" to a general indeterminate sentencing provision in section 902.3 ("the maximum length of which shall not exceed the limits as fixed by section 707.3 or section 902.9"), the "quite similar" provisions would be interpreted quite differently. 560 N.W.2d 585, 587 (Iowa 1997) (finding section 124.411(1) permitted "a spectrum of discretion" in setting the maximum term of confinement even though the similar language in section 902.3 required imposition of the full statutory maximum). *Rodgers* illustrates that the sentencing provisions of chapter 124 are a unique animal and are not necessarily treated the same as general sentencing provisions. So, I am not persuaded that *Lee* applies. As such, based on the plain language of section 907.3(3) and the other authorities I've cited in this opinion, I conclude the district court properly interpreted the statute and properly exercised its discretion.

and aggravated misdemeanors). And while the fines can be suspended, they cannot be waived. *See State v. Grey*, 514 N.W.2d 78, 79 (Iowa 1994) ("Suspending a fine and imposing no fine are not equivalent: a suspended sentence is subject to later being executed if the defendant fails to comply with conditions set by the court."). But "suspending" the fines with no probation (and thus no possibility of some future event triggering the obligation to pay the "suspended" fines) is not a suspension at all—it is an illegal waiver. *See id.*

As I have pointed out before, I am mindful that not making a defendant pay fines when a defendant is sentenced to incarceration may be a sensible option, as "[t]here seems to be little purpose served by imposing an unsuspended financial obligation on an incarcerated defendant, as the fine would be unlikely to provide any further penological purpose and frequently only serve to pile some unpayable debt on an incarcerated defendant." *State v. Laue*, No. 23-0208, 2023 WL 8448475, at *3 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part). At the same time, placing a defendant on probation for the purpose of suspending the fines while also sentencing the defendant to prison makes little sense. But we are not free to choose an option the Code does not give us just because we may view it as sensible. *See Young v. O'Keefe*, 82 N.W.2d 111, 115 (Iowa 1957) ("We cannot however substitute our own ideas of justice and equality for the language used by the legislature. Our duty is jealously to guard the rules and processes of the law and not to invade the province of the legislature—to 'hew to the line, let the chips fall where they may.'"). The applicable statutes simply do not provide courts with the option to suspend a fine without also placing the defendant on probation, even if that defendant is sentenced to prison.

As the district court made the decision to not place Cullum on probation—a decision not challenged on appeal—the court was correct in its assessment that it did not have the option of suspending the fines at that point. To be clear, I am not saying the district court could not suspend the fines in general, and I am not saying the court could not suspend the fines once the decision was made to send Cullum to prison. I am only saying that, if the court wanted to suspend the fines, it would have also been required to place Cullum on probation. As the court exercised its discretion in choosing not to place Cullum on probation, suspending the fines—or suspending any other part of the sentence—was no longer an option.

Nothing in the district court's statement of reasons for the sentences imposed suggests that the court impermissibly followed any type of fixed sentencing policy. Instead, the statement of reasons shows the court properly considered relevant sentencing factors and exercised its discretion by imposing consecutive prison sentences, imposing the mandatory minimum fines, and determining probation was not warranted in this case. Having determined probation was not warranted, the court correctly noted that suspending the fines was not an option. As a result, I find no abuse of discretion in the court's sentencing decision and therefore respectfully dissent from the majority's decision to vacate Cullum's sentence.

Tabor, C.J., and Sandy, J., join this concurrence in part and dissent in part.